1. EXECUTORS AND ADMINISTRATORS (§ 85*)—PROCEEDINGS BY ADMINISTRATOR.—DISCOVERY OF ASSETS—JURISDICTION.

Where, in proceedings brought by an administrator after September 1, 1914, to discover property withheld, the answer alleges title to or the right to the possession of the property, the surrogate has jurisdiction, under Laws 1914, c. 443, revising Code Civ. Proc. c. 18, not only to hear the evidence, but to determine the issue.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 339–358; Dec. Dig. § 85.*]

2. EXECUTORS AND ADMINISTRATORS (§ 221*)—CLAIM AGAINST ESTATE—TESTIMONY—PROBATIVE EFFECT.

The testimony of a claimant against an estate as to personal transactions with the decedent will not authorize a judgment for claimant, unless it is of the most convincing character.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 901–903½, 1858, 1861–1863, 1865, 1866, 1871–1874, 1876; Dec. Dig. § 221.*]

3. EXECUTORS AND ADMINISTRATORS (§ 85*)—DISCOVERY OF ASSETS—SUFFICIENCY OF EVIDENCE.

Evidence in an administrator's proceeding under Code Civ. Proc. § 2675, to discover property withheld, *held* insufficient to show that a bank book and deposits therein noted were the property of respondent, and not of decedent, to whom the deposits were credited.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 339–358; Dec. Dig. § 85.*]

In the matter of the estate of Elsie Schwartz, deceased. Proceeding by administrator, under Code Civ. Proc. § 2675, to discover property withheld. Decree for petitioner.

Frank F. Bergenfeld, of New York City, for administrator.
Herman B. Goodstein, of New York City, for respondent.

SCHULZ, S. The petitioner claims that the respondent has in his possession a bank book in the name of the decedent, belonging to her, and evidencing deposits in the Dry Dock Savings Institution which he contends are her property. The respondent in his answer admits the possession of the book in question, but claims that the item of $400 shown by it to have been credited to the decedent on June 17, 1914, belonged to him, and he asks that the proceeding be dismissed, or, if not dismissed, that an order be entered which will protect his interests.

[1] The answer, therefore, alleges title to, and a right to the possession of, at least a part of the property involved in the inquiry. In the recent revision of chapter 18 of the Code of Civil Procedure by Laws of 1914, chapter 443, in effect September 1, 1914, it is provided that this issue shall be heard and determined by the surrogate (Code Civ. Proc. § 2676); the jurisdiction of the surrogate being thus materially enlarged and changed from what it had been prior to such revision. See Code Civ. Proc. § 2710, in effect prior to September 1, 1914.

The contention of the respondent is that on the 16th of June, 1914;

---

·or thereabouts, he drew a check, which is in evidence, to the order of the Dry Dock Savings Institution, in the sum of $400; that on the day that he drew the check, or the day thereafter, the decedent, who was his sister, called, and he requested her to deposit this check to his account in the Dry Dock Savings Institution; that the decedent went to the safe in the office of the respondent, took out a bank book, went to the bank, and made the deposit, this being the deposit of $400 shown by the bank book to have been made on June 17, 1914; that after the deposit was made she discovered that she had inadvertently deposited the check to her own account, instead of to the account of the respondent, she having an account in the same institution; that upon her return to the office she told the respondent about the matter, and offered to have it corrected; and that it was understood between them that the error would be corrected the next time she went to the bank.

Upon the hearing counsel for the administrator examined the respondent as to personal transactions with the decedent, to which the respondent could not have testified, in his own behalf, over objection (Code Civ. Proc. § 829), and the respondent testified substantially to the facts above stated. Counsel agree that the burden of proving that the $400 deposit in the name of Elsie A. Dorf (the decedent's name prior to her marriage) is the property of the respondent rests upon him.

[2, 3] It is well settled in this state that where testimony of a claimant against an estate is given as to personal transactions with the decedent, particularly where the alleged claim is not urged against the decedent during his or her lifetime, and is pressed only after death has silenced one of the parties, such testimony should be scrutinized with the greatest possible care, and a judgment should not be rendered upon it, unless it is of the most convincing character. Holt v. Tuite, 188 N. Y. 17, 80 N. E. 364, and cases cited; Matter of People's Trust Co., 79 Misc. Rep. 595, 141 N. Y. Supp. 201, and cases cited. If the testimony of the respondent is examined in the light most favorable to him, it appears that this deposit was made on June 17, 1914, in a bank located at the Bowery and Third street, New York City, the place of business of the respondent being at No. 6 West Eighteenth street, New York City; that about an hour thereafter he was advised of the error; that at the time stated the decedent's physical condition was such that there was a certainty that she would require medical attention and ·pass through a crisis not without danger of fatal result; that two months thereafter, to wit, about August 19th, he found out that his sister would be obliged to go to a hospital; that on August 22d she did go to the hospital, and remained there for one week before her death; and yet the respondent did nothing during all of that time either to correct the mistake made or to fortify himself with incontrovertible evidence that the error had been made, which he could easily have done.

No memorandum of the error was made on the stub of his check book; no entry of any kind was made by his bookkeeper or by himself in his books, although he kept regular books of account. It is true the check with which the deposit was made was made payable directly to the bank, but I do not put the weight on that fact which the respondent urges that it merits. It was intended that the check be deposited in the

Dry Dock Savings Institution, and while no doubt it would have been a better record of the transaction, as contended for by the administrator, if the check had been made to the decedent and then indorsed by her to the bank, the fact that it was made direct to the bank is not, in my opinion, a conclusive argument against the administrator's present contention.

His evidence is corroborated in part by the testimony of one witness; but this witness is his sister-in-law. She resides in his house and is in his employ, and I feel she cannot be said to be entirely disinterested. The fact that the respondent is in the possession of the bank book might, perhaps, be regarded as an element of corroboration of his testimony; but in this case it is of no weight, because he himself admits that it was the custom of himself, his mother, and his sister, the decedent, to keep their bank books together in his safe in the office.

As against the testimony of the respondent, a number of witnesses were produced, two of whom are not related to the parties and have not been shown to be interested in any way. The latter testify that on or about the day of the funeral, during a conversation between the husband and the respondent, in which the husband requested a loan from the respondent to assist him in paying the funeral expenses of his deceased wife, the respondent said in words or in effect that the decedent had $500 in the bank. The amount in the Dry Dock Savings Institution, which is the only bank at the present time having any deposits of the decedent, so far as the evidence discloses, was $500, plus interest of $35 added on July 1, 1914.

The deposit book of the decedent in the Dry Dock Savings Institution shows that on January 23, 1914, she drew from this bank $400. There is no proof of what she did with this amount. Her husband testifies that he had no knowledge of the withdrawal, or the expenditure thereof, and the respondent denied that he had received the $400 in question from her. It also appears from her bank book that she made comparatively frequent deposits in this bank, whereas the book of the respondent shows that he made a deposit on December 21, 1910, on December 14, 1911, and no deposit since that time. Again, the decedent resided at 752 Tremont avenue, in the borough of the Bronx, and it does not seem probable to me that in her condition she would go to her brother's office in Eighteenth street, Manhattan, and take his money to the savings bank for him, but rather that she went there to get and to deposit her own money.

From all of the evidence I am of the opinion that the respondent has failed to sustain the burden of proof in this matter, and that the bank book and the deposits therein noted were the property of the decedent, and that her personal representative is entitled to the possession of the bank book and of the funds which it evidences are on deposit in the Dry Dock Savings Institution, and I so determine. Costs to the administrator to be taxed.

Decreed accordingly.