---

(96 Misc. Rep. 114)

### In re BUNT.

(Surrogate's Court, Bronx County. June, 1916.)

1. TRUSTS ⬤⟿41—CREATION—FORM OF DEPOSIT.

The deposit of money in a bank in the name of the depositor in trust for his wife, in the absence of evidence to the contrary, creates a presumption that the depositor intended to create a revocable trust, which became irrevocable on his death.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 60; Dec. Dig. ⬤⟿41.]

2. TRUSTS ⬤⟿43(1)—EVIDENCE—DECLARATIONS—ADMISSIBILITY.

In discovery proceedings by an administrator under Code Civ. Proc. §§ 2675, 2676, to recover possession of a bank book held by decedent's widow, which had been issued in the name of decedent in trust for his wife, testimony that a bank official had suggested that the deposit be made in that form, and that the decedent had made other declarations negativing his intention to create a trust for his wife, such declarations not being made contemporaneously with the deposit, was incompetent.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 62; Dec. Dig. ⬤⟿43(1).]

3. TRUSTS ⬤⟿44(1)—CREATION—BANK DEPOSIT—EVIDENCE.

That a bank depositor, whose account was in his name in trust for his wife, withdrew some of the funds and used them for his own purposes, is not evidence that he did not intend to create a trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 66; Dec. Dig. ⬤⟿44(1).]

4. EXECUTORS AND ADMINISTRATORS ⬤⟿85(6)—COLLECTION OF ASSETS—BURDEN OF PROOF.

In discovery proceedings by an administrator under Code Civ. Proc. §§ 2675, 2676, the burden of proving that the property in question belongs to the estate is on the petitioner.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 354; Dec. Dig. ⬤⟿85(6).]

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. TRUSTS ☞41—CREATION—EVIDENCE—SUFFICIENCY.

In discovery proceedings by an administrator for possession of a bank book, issued in the name of the decedent in trust for his wife and held by the wife, evidence *held* insufficient to overcome the presumption that decedent intended to create a trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 60; Dec. Dig. ☞41.]

Discovery proceedings under Code Civ. Proc. §§ 2675, 2676, by James T. Bunt, as administrator, etc., of William Beaman. Relief denied.

James T. Bunt, of New York City, for petitioner.
John C. Stein, of New York City, for respondent.

SCHULZ, S. The petitioner, one of the three administrators of the goods, chattels, and credits of the decedent, instituted this proceeding under sections 2675 and 2676 of the Code of Civil Procedure. He claims that the respondent, who is the widow of the decedent, had a bank book evidencing deposits in a savings bank which belonged to the estate of the decedent, and which she declines and refuses to surrender to the administrators. The petitioner alleged that his coadministrators were not inclined to proceed in the matter.

[1] It appears that the account was in the name of the decedent "in trust for wife Anna," the latter being the respondent. Deposits in this form have frequently been before the courts, and happily the Court of Appeals has laid down a rule with regard to them in Matter of Totten, 179 N. Y. 112, 125, 71 N. E. 748, 752 (70 L. R. A. 711), as follows:

"A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass-book or notice to the beneficiary."

See, also, Matthews v. Brooklyn Savings Bank, 208 N. Y. 508, 102 N. E. 520.

In the absence of any evidence to the contrary, the form of the account under this decision creates a presumption that the decedent intended to create a revocable trust which became irrevocable upon his death.

[2] The petitioner claims that the account was opened in the form indicated at the suggestion of one of the officers of the savings bank, upon an occasion when the decedent wished to deposit moneys in another account which he had with the same bank, but in which there had been deposited the full amount accepted by the bank from one depositor. The officer of the bank was not called. The petitioner himself, to rebut the presumption above stated, testified that the decedent, in his presence and in the presence of the respondent, made a statement that an official of the bank had made the suggestion above referred to, and that upon the same occasion the decedent made other declarations negativing the presumption that he intended to create a trust in favor of the wife. This testimony was objected to by the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

respondent upon the ground that the witness was the attorney a' the grandson of the decedent. The objection on those grounds was overruled and the evidence taken. The testimony was incompetent however, under the authority of the case of Tierney v. Fitzpatrick, 195 N. Y. 433, 88 N. E. 750, in which the court, speaking of a similar declaration, said:

"This declaration was not a statement made contemporaneously with some act, and which might be regarded as properly receivable as characterizing such act. It was a declaration in reference to a past event, introduced for the purpose of rebutting the inference of the establishment of a tentative trust arising out of the act of the declarant in making the deposit expressly in trust for the plaintiff. Such a declaration is not admissible for such a purpose"—citing 2 Wigm. Ev. § 1085; Wangner v. Grimm, 169 N. Y. 421, 431, 62 N. E. 569; Scheps v. Bowery Savings Bank, 97 App. Div. 434, 90 N. Y. Supp. 26; Kelly v. Home Savings Bank, 103 App. Div. 141, 92 N. Y. Supp. 578.

I have, therefore, not considered this testimony in deciding this matter. I will say, however, that, even with this testimony in the proceeding, I would have reached the same conclusion.

[3] Testimony was also offered to show that subsequently to the deposit moneys were withdrawn from the same and used by the decedent; but, assuming that such withdrawal was made and the moneys used by the decedent for his own purposes, these facts are not evidence that he did not intend to create a trust. Mabie v. Bailey, 95 N. Y. 206.

[4, 5] The respondent denied that the statements referred to above and alleged to have been made by the decedent were thus made, and was permitted to testify that a year before his death the decedent had presented her with the bank book. Shortly after the death of the decedent, all of the parties interested in this estate entered into an agreement, which is in evidence, by which they agreed to a distribution of his estate. The agreement recites that the parties are desirous of adjusting their rights and interests without litigation, controversy, or difference of any sort, and no mention is made of the account in question. In the transfer tax proceeding, the petitioner in this matter was also the petitioner, and the respondent, who was produced as a witness in that proceeding, being examined by the petitioner, testified substantially as she did in this proceeding.

The burden of proving that the property in question belonged to the estate is upon the petitioner. Considering all the evidence in this case and the presumption which the form of the account raises, I am of the opinion that the petitioner has failed to sustain that burden. As the answer alleged title to the book and money in question, this court is empowered to determine the same, and I find that as between the parties to this proceeding the title thereto at the time of the death of the decedent was in the respondent. The evidence of the alleged gift by the decedent to the respondent rests entirely upon the testimony of the respondent, and under the authorities great caution must be observed in basing a finding upon the uncorroborated testimony of a donee after the death of the donor. In this matter, however, it is not necessary to the conclusion which I have reached to find that a gift took place. The presumption arising from the form of the ac-

count has not been overcome. Hence she became the owner of the property in question upon the death of the decedent if it had not theretofore been presented to her.

Decreed accordingly.