In the Matter of the Estate of JESSE W. CANFIELD, Deceased.

ELLA K. CANFIELD, Appellant; LEANDER C. PURDY, as Executor, etc., of JESSE W. CANFIELD, Deceased, Respondent.

Second Department, February 2, 1917.

Decedent's estate — gift — petition by executor under section 2675 of Code of Civil Procedure to establish ownership of securities in possession of widow — evidence — burden of proof — presumption as to ownership.

On a petition by an executor under section 2675 of the Code of Civil Procedure for a decree directing the widow of the testator to deliver certain notes and a certificate of ownership to a bond alleged to have belonged to the testator, the burden of proof is *prima facie* upon the petitioner to show that the property belonged to the testator. After having shown that, the widow claiming that the same was given to her, the burden of proof is upon her to establish the gift.

Where the ownership of such property is proven, it is presumed to continue and one in order to overcome that presumption by a claim of gift not asserted in the lifetime of the alleged donor, must plead it and establish it by a preponderance of evidence.

Mere proof that a member of the family of a decedent having access to his papers is found in possession of securities or evidences of debt proves nothing in derogation of the ownership thereof by the decedent.

Gifts are not presumed to have been made.

APPEAL by Ella K. Canfield from a decree of the Surrogate's Court of the county of Orange, entered in the office of said Surrogate's Court on the 6th day of April, 1916, adjudging certain notes to be part of the assets of this estate.

*John C. R. Taylor* [*Thomas C. Rogers* with him on the brief], for the appellant.

*John Bright* [*Alton J. Vail* with him on the brief], for the respondent.

STAPLETON, J.:

The testator, who died on March 6, 1915, was, shortly before his death, the owner of six promissory notes and of a certificate which entitled him to a municipal bond. They were in the custody of his widow. Under section 2675 of the Code of Civil Procedure, the executor of his will petitioned the Surrogate's Court for a decree directing the widow to deliver them to him. The petition alleged ownership in the testator. The answer denied it. The widow set up an affirmative claim to ownership. She did not allege a gift *inter vivos;* but to sustain her claim of ownership she attempted to prove one, asserting it for the first time on the trial. A jury tried the issue of fact. Its verdict was adverse to the widow, and a decree was entered in favor of the executor. From that decree this appeal is taken.

We think the verdict is not contrary to the evidence, and we deem it useless to state the evidence except in so far as a statement is desirable to dispose of an exception to the disposition of of a request to charge. This is the sole exception we think it necessary to discuss. The record reads: "Mr. Taylor: I except to so much of your Honor's charge as states that the burden of proof in this case is upon the widow donee, and I ask your Honor to charge the jury that the burden of proof in this case is upon the petitioner and remains upon the petitioner throughout the entire case, and that unless they are satisfied by all the evidence that the petitioner has established the ownership of the property in the deceased at the time of his death by a fair preponderance of the evidence, that they must answer the questions submitted to them to the effect that the prop-

erty belongs to the widow. The Court: I decline to charge that. I charge that the burden of proof is *prima facie* upon the petitioner or executor to show that the property belonged to the testator. After having shown that, the respondent claiming that the same was given to her, the burden of proof is upon her to establish the gift. Mr. Taylor: I except to your Honor's refusal to charge as requested and also except to the modification and to the charge as made."

The appellant succinctly states her assignment of error: "In the case at bar the petitioner alleged ownership by the decedent and the petitioner's right to the custody of the certificate and the notes. The widow denied such ownership and right of the petitioner. She was in possession of the property and the petitioner claimed it; it was his duty to establish his claim; he had the affirmative, for had no testimony whatever been given judgment would have been rendered against him, and the placing of the burden of proof upon her was wrong."

The petitioner gave evidence that the testator was the owner of the notes and certificate and in possession of them in November, 1914, and until just preceding Christmas day of that year. They were then in the home occupied by himself and his wife at Middletown, N. Y. On December 10, 1914, the testator made a will in which a remarkably definite provision was made for his wife. It is asserted that about Christmas time of 1914 the certificate and the notes were given to the wife. To maintain this assertion two witnesses, one of whom was a son of the widow, the issue of a former marriage, testified to the declarations of the testator that the gift was made. Another witness testified that the widow's son showed him the instruments in Philadelphia, whither the son had brought them, having received them from his mother, the widow. No other evidence in support of the widow's contention was offered. The testator was eighty years of age at the time of his death, and for months preceding that event he had not been active.

We pass over the imperfect denial in the answer of the allegation of ownership in the petition; we do not consider the requirements of sections 2675 and 2676 of the Code of Civil

Procedure, which seem to place an affirmative burden on a claimant in the position of the appellant; and still we decide that there is no error assigned. Merely to show that a member of the family of a decedent, having access to his papers, is found in possession of securities or evidences of debt, proves nothing in derogation of the ownership thereof by the decedent. Gifts are not presumed. Ownership of such property proved is presumed to continue. (*Grey* v. *Grey*, 47 N. Y. 552, 555.) One who would overcome that presumption by claim of gift not asserted in the lifetime of the alleged donor must plead it and by a preponderance of evidence prove it. Where, as in this case, the gift is not pleaded, the rule as to the *quantum* of proof is, of course, the same when the trial proceeds without objection from either party. (*Matter of Manhardt*, 17 App. Div. 1; *Conklin* v. *Conklin*, 20 Hun, 278.) There is a self-evident distinction between the instant case and *Judson* v. *Hatch* (171 App. Div. 246).

The decree of the Surrogate's Court of Orange county should be affirmed, with costs.

THOMAS, MILLS and RICH, JJ., concurred; CARR, J., not voting.

Decree of the Surrogate's Court of Orange county affirmed, with costs.