In the Matter of the Application of JACOB P. TIPPLE for the Examination of MAMIE TIPPLE, under the Provisions of Section 205 of the Surrogate's Court Act.

Surrogate's Court, Columbia County, April, 1922.

**Executors and administrators — discovery proceeding — burden of proof is on petitioner — Surrogate's Court Act, § 205.**

In a discovery proceeding under section 205 of the Surrogate's Court Act to obtain possession of property in the custody and under the control of the respondent, to which she asserts title, the burden of proof is upon petitioner.

Upon a finding by the court that as between the parties the title to all the property here involved was in the respondent, who though not required by law so to do has sustained the burden of proof, it will be decreed accordingly.

DISCOVERY proceedings.

*R. M. Herzberg*, for Jacob P. Tipple, executor.

*Daniel V. McNamee*, for Mamie Tipple.

WHITBECK, S. This is a discovery proceeding under section 205 of the Surrogate's Court Act. The petitioner claims the right to a portion of the balance of a bank deposit standing in the name of the respondent and which was made by her on or about April 4, 1921, and which was the proceeds of a check of $600 drawn to the order of the decedent and as claimed by respondent was given to her by decedent. Petitioner claims also certain unregistered United States Victory and Liberty bonds which appear to be in respondent's possession and which she claims were given to her by decedent in the month of January, 1921. Decedent died October 20, 1921. Respondent has filed an answer, setting up ownership of these items, claiming them by gift. The case proceeded as a trial, the respondent having been examined and cross-examined and other testimony and proof having been submitted by the respective parties. As the trier of fact, I find no difficulty in reaching a prompt conclusion as to my duty in the case. The only point of interest as a question of law is that suggested by petitioner's counsel, that the burden of proof rests upon the respondent, who cites *Matter of Schwartz*, 87 Misc. Rep. 559. In that case the respondent had possession of a savings bank pass book in the name of decedent, the possession of which the administrator sought in the proceeding; the respondent claimed that one of the deposits or credits shown on this book was in fact respondent's own money and had been deposited to decedent's credit through error and mistake. Counsel in this case agreed that the burden of proof rested upon respondent and the surrogate acted upon that principle and properly so, I

believe, as respondent virtually stood in the position of a claimant against the estate. The proceeding took the form it did only because respondent had possession of the decedent's bank book. In *Matter of Bunt*, 96 Misc. Rep. 114, it was stated by the surrogate that "The burden of proving that the property in question belonged to the estate is upon the petitioner," and Judge Heaton in his new work, Heaton on Surrogates' Courts (4th ed.), page 1148, cites this case as authority for the principle. A reference to the opinion in that case shows, however, that the surrogate relied upon a legal presumption existing in respondent's favor and which he found had not been overcome.

However, in the case now before me, the situation is not unusual or complicated as in each of those cited above, for here it is simply an effort by the legal representative to obtain possession of property now in the custody and control of respondent, title to which she asserts. If such a remedy were sought in an action I am convinced that the plaintiff would be required to sustain the burden and I see no reason why the form of this proceeding should change the rule as this proceeding has now developed into a trial to determine title.

As to the bonds in question the respondent has clearly sustained the burden of proof if it rests upon her. As to the money claimed I feel that she has likewise sustained this burden though perhaps with less force and weight. As above indicated, I do not believe she is required by law to do this.

The question of title being in issue I am empowered to determine the same and, as between the parties to this proceeding, find that the title to all of the properties above mentioned was in the respondent at the time of the decedent's death. No costs. Prepare order or decree accordingly.

Decreed accordingly.