In the Matter of the Proceeding by CHARLES B. TRIPP, as Administrator, to Make Discovery and to Obtain Delivery of Assets Belonging to the Estate of ELIZABETH TRIPP FONDA, Deceased.

MILTON P. MILLER, Appellant; CHARLES B. TRIPP, as Administrator, Respondent.

Third Department, July 6, 1922.

**Executors and administrators — petition by administrator for inquiry as to ownership of assets of estate — answer by appellant herein claiming property and asserting title invests surrogate with power to try issue with or without jury — appellant having asserted exclusive ownership is precluded from urging that property was partly owned by his wife — wife of appellant not interested in event and, therefore, not disqualified as witness under Code of Civil Procedure, § 829 (Civil Practice Act, § 347).**

An answer by the appellant herein to a petition by an administrator for an inquiry as to the ownership of certain property alleged to belong to the estate, which asserts title under section 2676 of the Code of Civil Procedure (Surrogate's Court Act, § 206), and alleges that the moneys mentioned in the petition were deposited in a savings institution to the credit of the decedent or the appellant " to be paid to either or to the survivor of them," and also that " said sum of money was and now is the sole and exclusive property of said " appellant invests the surrogate with power to try the issue with a jury, if desired, or by consent, without a jury.

The assertions by the appellant in his answer that he is the sole and exclusive owner of the property in question precludes him from urging that said property was partly owned and possessed by his wife, and, therefore, the exclusion of testimony by her on the ground that she was interested in the event, within the meaning of section 829 of the Code of Civil Procedure (Civil Practice Act, § 347), was error.

APPEAL by Milton P. Miller from a decree of the Surrogate's Court of the county of Albany, entered in the office of said surrogate on the 30th day of December, 1921.

*Edward A. Mealy,* for the appellant.

*J. S. Carter,* for the respondent.

H. T. KELLOGG, J.:

The administrator of the estate of Elizabeth Tripp Fonda filed a petition in Surrogate's Court in which he set forth that one Milton P. Miller, the appellant herein, was in possession of certain household furniture and certain moneys deposited in the Cohoes Savings Institution, which, at the time of her death, belonged to Elizabeth Tripp Fonda, and that Milton P. Miller had refused to deliver up the same. An order was thereupon made by the surrogate directing that an inquiry be held, under section 2675 of the Code of Civil Procedure,* and that Milton P. Miller attend before him upon such inquiry to be examined. The petition and order were served upon Milton P. Miller and no other person. An answer, as provided in section 2676 of the Code of Civil Procedure,* was served by Milton P. Miller, in which he denied all the material allegations of the petition and set up the following facts: That the moneys mentioned in the petition were deposited in the Cohoes Savings Institution on October 20, 1920, to the credit of Elizabeth Tripp Fonda or Milton P. Miller " to be paid to either or the survivor of them; " that the same thereupon became the property of said persons as joint tenants; that Elizabeth Tripp Fonda died on March 27, 1921, leaving said Milton P. Miller her surviving; that the said Milton P. Miller thereafter withdrew the balance of the moneys so deposited; that " said sum of money was and now is the sole and exclusive property of said Milton P. Miller; " that it was the intention of Elizabeth Tripp Fonda to vest title to such moneys in Milton P. Miller. This answer was of that character concerning which it is provided in section 2676 of the Code of Civil Procedure as follows: " If such answer alleges title to or the right to possession of any property involved in the inquiry, the issue raised by such answer shall be heard and determined and a decree made accordingly."

---

* Now respectively Surr. Ct. Act, §§ 205, 206.— [REP.

On the return day of the order a hearing was had before the surrogate upon which Milton P. Miller was examined by the administrator concerning the furniture and moneys mentioned in the petition. This hearing was at first conducted as an inquisition rather than as a trial. After several witnesses had been examined, including Mary V. Miller, the wife of Milton P. Miller, the surrogate announced that a question of title was involved; that either party was entitled to a trial by jury; that it was " up to " the parties to determine whether they desired a jury trial. Counsel for Milton P. Miller then filed an amended answer which did not materially differ from the original answer. It contained the allegation in relation to the moneys on deposit, which is quoted above from the original answer, to wit, " that said sum of money was and now is the sole and exclusive property of said Milton P. Miller." After the announcement made by the surrogate, counsel proceeded to trial before him without a jury, and made no objections thereto. In pursuance of a stipulation made between them all the testimony previously taken during the course of the inquisition was reintroduced in evidence upon the trial which then followed. The trial having been concluded, the surrogate determined that the furniture and moneys in question belonged to the estate of Elizabeth Tripp Fonda, and made a decree directing Milton P. Miller to deliver the same to the administrator of such estate.

We think that the affirmative answer of the appellant Milton P. Miller, wherein he asserted his own title to the property in question, under section 2676, invested the surrogate with power to try the issue, with a jury, if desired, or by consent, without a jury. (*Matter of Schwartz*, 87 Misc. Rep. 559; *Matter of Heinze*, 224 N. Y. 5, 6.) The appellant urges (1) that the surrogate was powerless to direct the appellant to deliver the property to the respondent for the reason that, according to the undisputed proof, Mary V. Miller, the wife of the appellant, who was not a party to the proceedings, had equal title or claim of title to such property with the appellant, and was possessed thereof jointly with him, and (2) that the surrogate erred in excluding the testimony of Mary V. Miller in relation to conversations had by her with Elizabeth Tripp Fonda concerning the transfer of such property to Milton P. Miller, or jointly to him and herself. These contentions place the respondent in an awkward dilemma. Either the surrogate has determined the claim of title of Mary V. Miller, and deprived her of possession of the property in question, without making her a party to the proceeding and giving her a day in court, or, on the opposite theory, he has excluded the testimony of Mary V. Miller, a witness not having title, claim of title or possession, upon the erroneous ground that she was a

witness " interested in the event " of the proceeding and disqualified under section 829 of the Code of Civil Procedure.*    We have twice quoted from the answers of the appellant wherein he asserts that he alone is the sole and exclusive owner of the furniture and moneys in question.    We think that he is thereby precluded from urging that the property in question was partly owned and possessed by his wife.    If, for the benefit of the respondent, he is so precluded, then the respondent, to his own detriment, is precluded from urging that the wife of the appellant was an incompetent witness.    The exclusion of the testimony of Mary V. Miller was, therefore, error.    Whoever thinks to the contrary must agree that Mary V. Miller has had an issue, " in the event " of which she was " interested," determined against her without a day in court.    There may be a choice in reasoning, but in result there is no alternative to the conclusion that reversal must follow.

The decree should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Decree reversed and new trial granted, with costs to the appellant to abide the event.