In the Matter of the Estate of ANDREW EDWARD GLASGOW, Deceased.

Surrogate's Court, Westchester County, November, 1923.

Evidence — cross-examination — Civil Practice Act, section 347 — discovery proceeding — Surrogate's Court Act, section 205.

The rule of evidence that where a party calls a witness and examines him the other party upon cross-examination may call out the whole of the communication or transaction testified to on the direct examination, has not been abrogated by section 347 of the Civil Practice Act.

The petitioner in a discovery proceeding instituted under section 205 of the Surrogate's Court Act opens the door to any transaction concerning which he examines the respondent and the testimony of the latter relating to a gift by the decedent may be received though objected to by the petitioner.

PROCEEDING to discover property.

*Gilbert H. Montague (Joseph W. Goodwin* and *Charles Furnald Smith,* of counsel), for executor, the petitioner.

*Frank A. Gaynor (Jerome A. Peck,* of counsel), for Minnie A. Glasgow, respondent.

SLATER, S.  This proceeding is dismissed.

*First.* As to the item of $10,000 under the authority of *Matter of White*, 119 App. Div. 140; *Matter of Kingsley*, 111 Misc. Rep. 528; *Matter of Soule*, 187 N. Y. Supp. 828; *Matter of Appel*, 115 Misc. Rep. 118; *Matter of Cofer*, 121 id. 292.  A discovery proceeding is designed for the purpose of discovering specific property or money.

*Second.* As to the diamond stud and Liberty bonds.  The executor did not sustain the burden of proof of a *prima facie* case (*Matter of Tipple*, 118 Misc. Rep. 430; *Matter of Canfield*, 176 App. Div. 554; *Matter of Bunt*, 96 Misc. Rep. 114) so as to overcome the presumption of ownership caused by the possession of the respondent.

The proceeding was started as an inquiry under section 205 of the Surrogate's Court Act, and except for the answer of the respondent it never proceeded much further.  *Matter of Heinze*, 224 N. Y. 1.  Upon the examination the court admitted the evidence of the respondent relating to a gift by the decedent over the objection of the petitioner.  The respondent by the force of the proceeding was the witness of the petitioner.  Section 347 of the Civil Practice Act was not intended to abrogate the principle in the law of evidence that where a party calls a witness and examines him, the other party may call out the whole of the communication or transaction.  In every discovery proceeding the petitioner opens the door as to any transaction concerning which he examines the respondent. *Nay* v. *Curley*, 113 N. Y. 575; *Cole* v. *Sweet*, 187 id. 488; *Matter of Benioff*, 73 Misc. Rep. 493–495.

Decreed accordingly.