In the Matter of the Estate of CLARA WINSLOW WEEKS, Deceased.

Surrogate's Court, Suffolk County, November 23, 1931.

*Arthur E. Beaudry*, for the petitioner.

*Robbins, Wells & Walser*, for the respondents.

PELLETREAU, S. This is a discovery proceeding brought by the administrator of the estate of Clara Winslow Weeks, deceased.

The administrator is a brother of the decedent, also a brother of the respondent Julia A. Lawless, and Joseph H. Lawless is her husband; Laura W. Hesselberg, Harriet P. Hawkins and Susan A. Gerard are sisters of the decedent, all of whom together with a nephew and a niece of the decedent comprise the heirs at law.

Upon the application of the administrator, the surrogate made an order directing Julia E. Lawless and Joseph H. Lawless to appear and be examined as to certain personal property consisting of various house furnishings, silverware, jewelry and ornaments which were in and about the premises of the decedent and which petitioner alleged belonged to decedent at the time of her death and should be turned over to the administrator as a part of her estate.

The testimony of the respondents shows that they are in possession or have been in possession of most of the articles in question since decedent's death. They contend, however, that the articles belonged to the respondent Julia E. Lawless by reason of a gift made during decedent's lifetime and in or about the year 1919. No writing of any kind was produced in support of such a gift and the physical possession of the articles remained with the decedent up to the time of her death. They base their claim upon a conversation had by the respondent Julia A. Lawless and the decedent in which they testify that she gave these articles to Julia A. Lawless. The only witness to this conversation was the respondent Joseph H. Lawless, the husband of Julia A. Lawless, who claims the articles. Several of the witnesses produced by the respondents

testified to the effect that they had heard decedent say that she was going to leave her personal property to this respondent. As against this testimony there is considerable in the evidence which indicates that no such gift was made. Furthermore, a proposed will of the decedent which was made in 1925 and although denied probate, shows an attempted disposition of decedent's estate quite inconsistent with the idea of a gift such as the respondents attempt to prove.

Later on in the hearing a new claim was brought forward by the respondents. This contention was quite inconsistent with the first claim made by the respondents and was to the effect that most of the articles in question had been given to various members of the family by their grandmother before she died. Her death occurred about forty-three years ago. Undoubtedly the grandmother did own these articles during her lifetime. In support of this contention a small book was produced showing certain entries made in the handwriting of the father of these parties listing various articles under various names and designating them as bequests, many of which articles were undoubtedly the same which are now sought by the administrator. It appears from the testimony that some of the furnishings of the homestead were taken away by different members of the family after the grandmother's death which was done with the consent and approval of the father and Clara.

The house where these articles were used was the old family homestead which had been occupied by the grandmother, the father and by Clara Winslow Weeks. Most of the articles which are in question here were the ones that had been used in and about the premises all this time. The grandmother had used them, she died forty-three years ago, the father continued to use them as long as he lived and he died about thirty-four years ago and Clara continued to use them up to the time of her death which was in the year of 1929. During all this time her ownership of them and right to use them was unquestioned. I, therefore, hold that the respondents have failed to prove a gift in either of the two manners that they have attempted and that these things belonged to Clara Winslow Weeks when she died and in the absence of a valid will they descended to her lawful heirs. The burden of proof in a discovery proceeding is upon the respondent who sets up a gift. (*Matter of Cofer*, 121 Misc. 292; *Matter of Housman*, 224 N. Y. 525; *Matter of Canfield*, 176 App. Div. 554; *Matter of Humphrey*, 183 N. Y. Supp. 133.)

The respondents' attorney contends that since the respondents did not file a formal answer, the surrogate is without authority to

direct delivery of the property even if found to belong to the petitioner.

The jurisdiction of the surrogate in discovery proceedings has been enlarged from time to time. Section 206 of the Surrogate's Court Act now provides that whether the respondent submits an answer or defaults in answer, if it appears that the petitioner is entitled to the possession of the property the decree shall direct delivery to him. Subdivision 4 of section 40 of the Surrogate's Court Act, as amended by chapter 100 of the Laws of 1924, provides that the surrogate has jurisdiction to enforce against a respondent the delivery of personal property or the payment of the proceeds or value of personal property belonging to or withheld from an estate. To hold that a respondent who makes a claim to the property, but purposely defaults in filing a formal answer, is in a better position than one who does file such an answer, is to my mind not tenable. I, therefore, find that the articles which came into the possession of the respondents which were on the premises occupied by Clara Winslow Weeks and which have been the subject of this inquiry must be turned over to the administrator, so far as they have them in their possession and any of such articles which have been disposed of by respondents and all the proceeds therefrom be impressed with a trust in favor of the administrator of this estate.

Enter order accordingly.