In the Matter of the Estate of WILLIS S. CALEN, Deceased.

Surrogate's Court, Oneida County, January 4, 1932.

*Clarence R. Sperry*, executor, for the petitioner.

*Frank L. Cubley*, for Earl M. Wilkinson and Clara Wilkinson, respondents.

EVANS, S. The executor instituted a discovery proceeding against the respondents, who are husband and wife. The property involved consisted of an automobile, a watch and some personal belongings of the testator. The controversy concerning the property was adjusted excepting the automobile.

The respondent Clara M. Wilkinson filed an answer claiming title to the automobile by reason of a gift from the testator. The issue was tried before the court without a jury.

The testator resided in Boonville, Oneida county, and the respondents reside in Potsdam, St. Lawrence county. A distance of over a hundred miles separates these villages. The testator was about seventy years of age at the time of his death.

Years ago it seems it was his custom to take trips to the North Country, so called, for the purpose of purchasing and shipping cattle. He established what may be styled headquarters at the home of the parents of Mr. Wilkinson and became friendly with the family.

For some years prior to his death the testator had discontinued the cattle business.

Mr. Wilkinson is an automobile mechanic and the proprietor of a garage in Potsdam. In the month of August, 1930, the testator came to Potsdam and proposed to Mr. and Mrs. Wilkinson that they accompany him to California where the testator planned to spend the winter and return east in the spring. The testator drove his car from Boonville to Potsdam and in a few days returned home. During the interim he made other trips to Potsdam while plans were being perfected for the California trip. The automobile that is the subject-matter of this controversy is a 1930 Chevrolet sedan that the testator purchased new in the month of June, 1930.

The testator with Mr. and Mrs. Wilkinson left for California in this car on November 26, 1930, and in due time arrived at their destination. The car was driven by Mr. Wilkinson and the testator assumed all financial responsibility in connection with the trip and

their stay in California. The testator unexpectedly died there on March 27, 1931. Mr. and Mrs. Wilkinson then returned to Potsdam in the car in question and it is now in their possession.

Mr. Wilkinson testified that the testator before starting for California gave the automobile to the respondent Clara Wilkinson. He also claims that the testator handed to her the keys of the car. The daughter of the respondent and her husband testified to declarations made by the testator to the effect that he had given the car to the respondent. Two witnesses not related to the respondent by blood or marriage testified to declarations made by the testator that he had given the car to the respondent.

The executor has produced documentary proof of the registration of the automobile both in New York and California wherein the testator described himself as owner. The registration in California of course was some weeks after the alleged gift to the respondent.

This procedure is attempted to be explained by the respondent, who is unable to operate a car, and, therefore, had no operator's license, which is said to be a requirement in California.

The husband of the respondent testified that the testator said with reference to the registration in his own name instead of the respondent's, " we will let it go until we return home in the spring and get a half license — a New York State license in your [respondent's] name after returning after July 1st, and transfer it in your [respondent's] name."

A witness from California testified that the testator while in California called her attention to his new car and referred to it as " my car."

The answer admitting possession of the property in question and alleging title, the burden of proving the gift rests upon the respondent. (*Matter of Housman*, 224 N. Y. 525; *Matter of Canfield*, 176 App. Div. 554; *Matter of Davis*, 128 Misc. 622.)

The burden thus imposed upon the respondent requires proof of the gift by a fair preponderance of the evidence.

In order to support a claim based on an alleged gift there must be evidence of a delivery which results in a present change of dominion and ownership. Intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given. (*Matter of Van Alstyne*, 207 N. Y. 298.)

In the present case the testator did nothing to transfer his registration in New York State. In California he took affirmative action to have the car registered in his own name and represented himself to be the owner. He at all times retained the indicia of ownership.

The license number of a motor car, coupled with evidence that the defendant held the license, is *prima facie* proof that the defendant was the owner. (*Ferris* v. *Sterling*, 214 N. Y. 249.)

The declarations of the testator seem to have amounted to nothing more than loose talk. Under the most favorable view they attained no greater force than to indicate an intent on the part of the testator to give the car to the respondent on their return to New York State where a half year license would be taken out.

" Aside from the danger of fabrication, verbal admissions are regarded as unreliable evidence, because experience shows that they are frequently misunderstood, imperfectly remembered and inadvertently made." (*Tousey* v. *Hastings*, 194 N. Y. 79.)

I hold and decide that the respondent has failed to establish a gift to her of the automobile in question and that possession should be delivered to the executor.

Decreed accordingly.