In the Matter of the Estate of KATHERINE T. MASSEY, Deceased.

Surrogate's Court, Kings County, May 23, 1932.

*Jeremiah A. O'Leary* for the petitioner.

*Thomas Massey*, respondent, in person.

WINGATE, S. The procedure which has been adopted in this proceeding is slightly unusual. The prayer of the petition sought a discovery concerning a certain bank account of the decedent and the examination in connection therewith of her husband and the bank. No answer was interposed and the husband was not examined. An official of the bank was, however, sworn and testified that up to February 14, 1931, decedent had had a savings account with it, the balance in which amounted to $1,167.63. On that day the decedent executed a closing draft of this account on the strength of which the moneys in the account were delivered by the teller. On the same date a new account was opened in the same bank in the name of decedent's husband " in trust for " the decedent for the same amount of money. It was not made to appear whether this new account was opened by the respondent in person or by some one else on his behalf. The new trust account was, for interest purposes, treated as a transfer of the old account by the bank, but it does not appear that such treatment was accorded it with the knowledge or consent either of the decedent or her husband. The foregoing is all of the testimony on the record.

On the strength of the facts thus adduced and of the allegations of the petition upon which the order for examination was granted, the petitioner seeks an order directing the respondent to turn over the account.

The first position advanced in this behalf is that the respondent, as a matter of law, admitted the allegations of the petition by failure to deny. In a proceeding of this sort such a position is untenable. Section 206 of the Surrogate's Court Act, which concerns a proceeding of this nature, reads in part as follows: " If the person directed to appear submits an answer  *   *   *  or shall make default in answer, he shall be sworn to answer truly all questions put to him touching the inquiry prayed for in the petition. If it appears that the petitioner is entitled to the possession of the property, the decree shall direct delivery thereof to him,  *   *   *."

The obvious connotation of this enactment with its provision for examination in spite of a default in answer, is that the demonstration provided for in the last quoted sentence must be a testimonial one, and such has been the uniform interpretation placed upon the enactment. (See *Matter of Akin*, 129 Misc. 840; affd., 222 App. Div. 710; affd., 248 N. Y. 202.)

It is fundamental that in the inquiry envisaged by the statute the surrogate acts in a judicial capacity. (*Tilden* v. *Ormsby*, 10 Hun, 7, 8; affd., 70 N. Y. 609.) Wherefore his function obviously is to determine whether the facts demonstrated on the hearing warrant the relief prayed. When no answer is interposed the practical effect is precisely the same as if the respondent had entered a general denial, and the burden is cast upon the petitioner to make a *prima facie* showing that the property in question is that of the decedent. (*Matter of Buckler*, 227 App. Div. 146, 147; *Matter of Canfield*, 176 id. 554, 556; *Matter of Glasgow*, 121 Misc. 613, 614; *Matter of Tipple*, 118 id. 430, 431; *Matter of Bunt*, 96 id. 114, 117.)

It has frequently been held that the possession of personal property is presumptive evidence of its ownership. (*Matter of Buckler*, 227 App. Div. 146, 149; *President, etc., Manhattan Co.* v. *Morgan*, 199 id. 767, 770; *Fish* v. *Skut*, 21 Barb. 333, 334; *Wickes* v. *Adirondack Co.*, 2 Hun, 112; *James* v. *Chalmers*, 6 N. Y. 209, 214; *Byerer* v. *Smith*, 55 App. Div. 405, 407; *Wheeler* v. *Vanderveer*, 88 Hun, 233, 235; *Halsey* v. *Hart*, 85 id. 46, 47.)

In this case the possession of this bank account at the time of the decease was in the respondent. The form of its holding was what has come to be known as a Totten trust, the characteristics of which are that title is vested in the record owner who, during his life, holds it on a revocable trust for the named beneficiary. (*Matter of Richardson*, 134 Misc. 174, and cases cited.)

The only testimony adduced by the petitioner in favor of her contention is in the nature of circumstantial evidence. It is maintained that its nature is such as to raise an inference that an irrevocable trust was constituted by the deposit and not one terminable by the trustee during his life.

The requirements for a demonstration by circumstantial evidence were recently considered by this court in its opinion in *Matter of Hayward* (143 Misc. 401, 402, 403), it being there particularly noted that " when inferences are  *  *  * clearly consistent, the one with liability and the other with no cause of action, the plaintiff has not met the burden which the law places upon her " and " it is not enough to create the suspicion of wrong nor should a jury be permitted to guess at the truth."

In the case at bar there is no clear and unmistakable inference to be drawn from the testimony adduced, that the parties intended to create an irrevocable trust. Moreover, in the opinion of the court, the strongest probability is directly contrary thereto. The natural inference on the facts adduced is that the defendant, feeling that her end was approaching, desired to place this account in the hands of her husband, under an arrangement which would enable him to use its avails as occasion might require with a right of survivorship in him in case she succumbed. This inference is at least as probable an explanation of the acts performed as that the contention of the petitioner represented her intention. This, of itself, is sufficient to destroy the probative force of the testimony so far as concerns the issue on which it was adduced. The state of facts supposed in *Matter of Kive* (139 Misc. 273, at p. 277) does not here exist, since there is an entire absence of any demonstration of a direction by decedent for the transfer of her funds to a Totten trust in her husband's name.

For the reasons stated, it must be determined that the petitioner has failed *prima facie* to show that the property in question is that of the decedent; wherefore, the proceeding is dismissed.

Proceed accordingly.