In the Matter of the Estate of OSCAR F. DOUGLAS, JR., Deceased.

Surrogate's Court, New York County, October 20, 1938.

*Roscoe S. Conkling,* for the plaintiff.

*Compton, Dillon & Clark [Frank J. Dillon* and *Abner M. Heggen* of counsel], for the defendant as executor, etc.

DELEHANTY, S. In the action now pending in this court after transfer here by the Supreme Court the executor of the estate of deceased asserts by way of counterclaim that it is the owner of three stock certificates which concededly are in the possession of plaintiff in that action. The certificates were exhibited in open court on the argument of the present application on October 18, 1938. The assignment thereof printed on the back of each certificate appears to be signed by the deceased in each instance. The name of the transferee appearing thereon is in each instance in the handwriting of plaintiff in the action who asserts her ownership by reason of that assignment.

Concededly plaintiff in the action was in a position to obtain access to the private papers and effects of deceased. In such circumstances her possession of the certificates adds nothing to her claim. (*Matter of Canfield*, 176 App. Div. 554.) The presence, in the assignment of the name of plaintiff adds nothing to her claim since concededly the writing is her own. Her case must be made by other proof than that presented by the certificates themselves: and her possession of them. The standard fixed by the authorities for the support of claims made for the first time after the death of a deceased person requires that her proof be clear and convincing. (*Matter of Booth*, 215 App. Div. 516.) Plaintiff herself has advised the transfer agent of the company whose shares are in question of her claims thereto and concededly no transfer of the shares on the records of the corporation will be made until the issue now presented has been tried. Counsel for plaintiff was unable to state in what respect the interests of his client would be prejudiced by impounding the certificates until the title is determined.

The right to impound the certificates is given by the final paragraph of section 168 of the Personal Property Law which says: " Any court of appropriate jurisdiction may enforce specifically such right to reclaim the possession of the certificate or to rescind the transfer thereof and, pending litigation, may enjoin the further transfer of the certificate or impound it." The court is of opinion that the circumstances here presented require that the present motion be granted and accordingly an order directing the impounding of the stock certificates will be signed.

The court does not understand the theory of plaintiff in urging the application of section 278 of the Tax Law. It would seem that the failure to affix the stamps might well operate to defeat plaintiff's claim to the shares. The court perceives no basis upon which the lack of stamps can be urged to defeat the present motion.

Submit, on notice, order accordingly.