John B. Sterley, S.
This proceeding was initiated under section 205 of the Surrogate’s Court Act.
The respondent adopted the increasingly prevalent practice of appearing for examination, as directed, but failed to file any answer whatsoever. Had an answer been interposed admitting possession and claiming title, the burden of proof would, of course, have shifted to the respondents to demonstrate the necessary elements of devolution of title to them. (Matter of Housman, 224 N. Y. 525, 526, 527; Matter of Davis, 128 Misc. 622, 623, affd. 222 App. Div. 846; Matter of Calen, 142 Misc. 363, 365; Matter of Wanner, 146 Misc. 722, 725.)
Prior to the amendment of the law when the Surrogate was debarred from acting where a claim of title was interposed, it was, in substance, determined that upon default in answer the proceeding continued as an examination only, but with the amendment of section 206 by chapter 100 of the Laws of 1924 this situation was altered, and if it appears from the testimony adduced in the proceeding “that the petitioner is entitled to *820 the possession of the property, the decree shall direct delivery thereof to him,” and this, whether “the person directed to appear submits an answer — or shall make default in answer.” It is accordingly obvious that the change in the law has very closely amalgamated the procedure on discovery in Surrogate’s Court to that of replevin in the Supreme Court. (Matter of Blair, 151 Misc. 192, 193.)
When, therefore, no answer is interposed the practical effect is precisely the same as if the respondent had entered a general denial, and the burden is imposed on the petitioner of making a prima facie demonstration that he, in his representative capacity, has title and the right to the immediate possession of the property involved. (Matter of Buckler, 227 App. Div. 146, 147; Matter of Canfield, 176 App. Div. 554, 556; Matter of Massey, 143 Misc. 794, 795.) The testimony as adduced establishes that the deceased had an account in the Kingston Savings Bank and that the balance on March 31,1955, was $1,770.19; that on April 6 of the same year there was withdrawn $1,600, leaving a balance of $170.19 in the account; that Mr. Beyer’s signature was affixed on the withdrawal order; that, except for the number, all the rest of the writing is in the same handwriting; that a draft was issued pursuant to the withdrawal order; that, notwithstanding the withdrawal order refers to Mrs. Chambers, the respondent herein, the draft was issued to Mr. Beyer and the indorsement on the draft was the signature of the decedent.
The respondent, Lillian Chambers, who was called by the petitioner, testified that the decedent was her stepmother’s brother; that the decedent resided with her at New Salem over two years; that the decedent became ill in January of the same year and died at a sanitarium on April 22, 1955.
At the final hearing testimony was adduced to show that services were rendered by the respondent for the deceased during the time that he maintained his home with the respondent at New Salem. The testimony developed the fact that the deceased was not a boarder with Mrs. Chambers at her home.
There was submitted to this court strong evidence consisting of documents in the handwriting of the deceased. One document was the withdrawal order which was not only signed by the decedent but in addition thereto he inserted, in his own handwriting, the amount of the withdrawal, namely, $1,600 and also the words “ Mrs. Josiah Chambers — Niece ”. I think that the evidence tends to show that the decedent wanted the respondent to receive a gift of the sum of $1,600 out of his account particularly since after the withdrawal of $1,600 there was still a balance left in the savings account of $170.19. The bank in *821 taking the necessary precaution instead of issuing a check or cash to Mrs. Chambers issued the check to the decedent, Charles Beyer. He indorsed the check and turned it over to the respondent. An examination of the instruments in evidence clearly indicated that there were no restrictions or qualifications of any kind, no indication whatsoever that the $1,600 was to be used for any purpose but rather that it was intended as a gift. The decedent did not include his name with that of the respondent nor did he change the form of the existing bank account nor did he add the words “trust” or “agency”. 1 am of the opinion that the evidence indicates that the decedent intended to make a complete and outright gift of $1,600 to the respondent.
The only testimony adduced by the petitioner in favor of his contention, in the opinion of this court, is in the nature of circumstantial evidence. It is maintained that its nature was such to raise an inference that the sum of $1,600 was not given to the respondent as a gift.
The requirements for a demonstration by circumstantial evidence was considered in the Matter of Hayward (143 Misc. 401, 403) “ ‘ When inferences are * * * clearly consistent, the one with liability and the other with no cause of action, the plaintiff has not met the burden which the law places upon her ’ ’ ’ and “ ‘ It is not enough to create a suspicion of wrong, nor should a jury be permitted to guess at the truth. ’ ’ ’
It is impossible for this court to believe from the testimony here submitted that the sum of $1,600 was anything other than an outright gift to the respondent.
For the reasons stated, it must be determined that the petitioner has failed prima facie to show that the property in question is that of the decedent, therefore, the proceeding is dismissed.
An order may be entered accordingly.