John D. Bennett, S.
This is a discovery proceeding instituted-by the executor against the widow of the decedent pursuant to section 205 of the Surrogate’s Court Act.
*804 The executor in this proceeding contends that a certain sum of money withdrawn from a bank by the decedent the day before his death is in the possession of the decedent’s widow and that such moneys are the property of the estate. No answer was interposed by the widow, but at the hearing she denied that any moneys belonging to the estate are in her possession. Section 205 of the Surrogate’s Court Act provides a summary method of discovering and reaching specific property which belongs to the estate, and is in possession of a third party. If the executor seeks the recovery of money it must lie a specific and named fund (Matter of Lowe, 148 Misc. 107).
In weighing the contentions of the parties to this proceeding, the evidence must be considered in relation to the burden of proof. This court previously stated in Matter of Kuster (152 N. Y. S. 2d 742, 747): “ Where the respondent interposes a general denial (as in the instant case) and does not affirmatively assert title, the petitioner’s right to an inquiry is no different than it would be if no answer was filed (Matter of Gergely’s Estate, 193 Misc. 51, 81 N. Y. S. 2d 203). The questions relating to the right to an inquiry are often confused with those of burden of proof, probably because there is often no clearly defined moment when the ‘ inquiry ’ ends and the 1 trial ’ begins. It is sufficient here to point out that where there is no answer or a general denial is interposed, the burden of proof is on the petitioner in a section 205 proceeding. Where there is an affirmative answer alleging title amounting to something more than a general denial as when the answer alleges a gift from the decedent, the burden is on the respondent. (2 Bradford Butler, New York Surrogate Law and Practice [1941] § 1460; 3 Warren’s Heaton on Surrogates’ Court [6th ed. and supp.] § 236, par. 4 and 5).”
The general rule relating to burden of proof in a discovery proceeding is that where no answer is interposed or if the respondent enters a general denial, “the burden is imposed on the petitioner of making prima facie demonstration that he, in his representative capacity, has title and the right to the immediate possession of the property involved.” (Matter of Beyer, 3 Misc 2d 819, 820.) However, if the respondent enters an answer which concedes that title to the property was at one time in the decedent, but that such title devolved upon the respondent by gift or otherwise, the burden of proof is on the respondent to establish the gift or other facts which resulted in a transfer of title from the decedent to the respondent (Matter of Van Alstyne, 207 N. Y. 298; Rosseau v. Rouss, 180 N. Y. 116; Matter of Schroeder, 113 App. Div. 204, affd. 186 N. Y. 537).
*805 Some confusion exists in respect to the questions relating to burden of proof in a discovery proceeding because some decisions have stated, as a general rule, that where an answer is interposed by the respondent the burden of proof is on the respondent. This is an overstatement since an analysis of those cases reveals that the burden of proof was placed on the respondent not merely because he interposed an answer, but because the answer admitted that at some time the decedent was the owner of the property in question and that by gift or otherwise title had been transferred to the respondent (Matter of Van Alstyne, supra; Matter of Housman, 224 N. Y. 525; Matter of Canfield, 176 App. Div. 554; Matter of Weeks, 142 Misc. 752).
The executor, therefore, had the burden of establishing ownership of the property in question in the decedent. Since the respondent denied that the decedent had title and asserted that title at all times was in the respondent, such assertion was in the nature of a general denial and the respondent did not have the burden of proof which remained with the executor who was required to establish a prima facie case of title to a specific fund (Matter of Davis, 128 Misc. 622, affd. 222 App. Div. 846; Matter of Massey, 143 Misc. 794; Matter of Tipple, 118 Misc. 430; Matter of Bunt, 96 Misc. 114). More specifically, the executor was required to establish that the moneys in the possession of the widow were the same moneys which were withdrawn from the bank by the decedent prior to his death. The proof on this point is not sufficient to permit this court to come to that conclusion. At best, the facts presented would seem to indicate that a gift of a sum of money was made by the decedent to his wife just prior to his death. All the elements of a gift are present, including the intention to give, delivery and acceptance. However, since it is the conclusion of this court that the executor has not satisfied his burden, it is unnecessary to determine whether a gift was made.
The court has held hearings concerning various claims of creditors of the estate. These claims have been settled and adjusted between the parties concerned. The decree to be entered on the settlement of the executor’s account shall reflect the disposition of these claims.
Submit decree on notice.