John D. Bennett, S.
This is a discovery proceeding in which the inquiry stage has been completed, and the court has before it two motions, one by the petitioner for a decree of turnover of certain property, and the other by the respondent for a dismissal of the proceeding as to that property. There is no disputed issue of fact.
Normally in the Surrogate’s Court, the allegations of a petition uncontradicted are due proof of the facts therein stated (Surrogate’s Ct. Act, § 76). This rule is not applicable to discovery proceedings in which the burden is imposed on the petitioner of making a prima facie demonstration that, in his representative capacity, he has title and right to immediate possession of the property involved (Matter of Donnelly, 157 Misc. 319).
The facts are found in the testimony of Selma Rosen. She stated that the decedent came to her home, gave her $2,500 to hold for Francine, and told her to buy United States Govern *63 ment Series E Bonds in her (Selma Rosen’s) name, and, when he died, to give the money to Franeine. She bought such [Series] E Bonds in her own name, and they were in her possession when the decedent died. Thereafter, she cashed the bonds and paid the money to Franeine. These facts spell out a valid oral trust, with Selma Rosen as trustee and Franeine as beneficiary.
These facts fail to establish the right of the petitioner to the turnover order which is sought. In a much stronger case for the petitioner (Matter of Massey, 143 Misc. 794), Surrogate Wingate held, in dismissing the proceeding, that the petitioner failed to show prima facie that the property in question was that of the decedent.
In the Massey case, the decedent withdrew from a bank $1,167.63, and on the same day and at the same bank, the decedent’s husband opened an account in the exact amount “in trust for ” the decedent. The new account was treated on the bank records as a transfer of the old account. In the present case, the beneficiary of the trust was not the decedent, nor is there any evidence that decedent retained any control or authority over the fund.
The motion of the petitioner for a turnover order is denied. The motion of the respondent to dismiss the proceeding is granted, with costs and disbursements to the respondent.