(63 App. Div. 392.)

LEVY v. KELTER et al.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

SALES—RECOVERY OF CHATTELS—POSSESSION—TITLE IN THIRD PARTY.
    Where, in a suit to recover chattels, plaintiffs claimed under a bill of
    sale executed by certain officers of a club, and the bill was conditioned
    that it should be void in case the property was not delivered, and it did
    not appear that those signing the bill had any authority to make the
    same, and it was shown that defendants were in possession of the prop-
    erty, claiming to hold it on behalf of the club, which apparently had the
    title, it was error not to dismiss the complaint.

Appeal from special term, Kings county.

Action by Mac Levy against Arthur Kelter and another. From
a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-
BERG, JENKS, and SEWELL, JJ.

Mark H. Ellison, for appellants.
William W. Butcher, for respondent.

HIRSCHBERG, J. The action is to recover chattels. These consist
of certain articles, constituting gymnasium apparatus, which prior
to the 27th day of October, 1899, concededly belonged to the organiza-
tion, or the members of the organization, known as the Metropolitan
Athletic Club. A certificate of incorporation of the club as a mem-
bership corporation, pursuant to the membership corporation law
(chapter 559, Laws 1895), was executed in October, 1897, approved
by a justice of the supreme court, but never filed. A constitution
and by-laws were adopted, which provided that the legal title to all
property, effects, and assets of the club should be vested in a board
of directors, to consist of the president, vice president, secretary,
captain, and lieutenant; and that all the affairs of the club should
be managed and controlled by such board. The property in question
was on the 27th day of October, 1899, in the possession or under the
control of the defendants, who in their answer deny the plaintiff's
title, and claim the ownership themselves. The plaintiff claims to
have acquired title to the property on that day by purchase, and to
have demanded possession of it from the defendants on October 30,
1899, by whom, however, such possession was refused. The judgment
appealed from has awarded possession of the property to the plaintiff
as owner.

The plaintiff has no valid title to the property, and as against the
defendants in actual possession, whether with or without title, can-
not maintain this action. The plaintiff's claim to ownership is
founded on a written bill of sale, as follows:

"Neugass Bros., Manufacturers of Clothing, 95 Bleecker Street.
                                            "New York, Oct. 27, 1899.
"The Metropolitan Athletic Club of New York, through their officers, Harry
Nathan, Pres., Louis Aul, treasurer, and William Sabor, captain, hereby sell
to Mac Levy, Brooklyn, a gymnasium apparatus, for the consideration of one
hundred dollars ($100.00), payable fifty dollars this day, and the balance
within thirty days from date, secured by note. In the event that the above-

mentioned articles should or could not be delivered to said Mac Levy, it is hereby understood and agreed that this bill of sale should be void, and any money paid by him to the representatives of the Athletic Club, their officers, shall be returned and paid back to said Mac Levy by them.

"Harry Nathan.
"Louis J. Aul.
"Wm. Sabor."

It is very evident that this pretended bill of sale conveyed no title. The parties who signed it did not have possession of the property at the time, and not only could not deliver it, but, by the express terms of the document, stipulated that the bill of sale should be void in case the property was not delivered. Moreover, assuming that the parties who signed the bill of sale were officers of the club, as described in the paper, of which there is no proper proof, two only of them were members of the board of directors, not constituting a majority of that board. None of the three who signed the bill of sale was examined as a witness, and no evidence whatever was offered tending to show authority on their part to execute the same, or to sell or to offer to sell any of the club property. The plaintiff offered the bill of sale in evidence without even proving that the signatures were genuine, notwithstanding the defendants' objection on that and other grounds; the court saying to plaintiff's counsel, "I will take it subject to your connecting it,—subject to your proving that they had a right to act." It never was connected, and, as I have said, no attempt, even, was made to show that they had a right to act. After the plaintiff rested, the court asked his counsel, "Can't you prove something about these men that made the bill of sale?" to which counsel replied, "We have subpoenaed them, and they are not here," and there the matter rested. It is unnecessary to dwell upon defendants' claim of title or its defects, as possession is sufficient to defeat the plaintiff's claim. But one of the defendants is a member of the club, and the other is its present instructor. I understand their claim upon the trial was, in common with other members of the club, to the effect only that the property still belonged to the club, and was held by them only for the club and its members. The theory upon which the learned trial justice disposed of the case was announced by him as follows:

"There is no title in any of you, that I can see. I think there is more show of title in this plaintiff than in any of you,—more appearance of title,—and I think I will be governed by appearances."

It is surely needless to cite authorities to show that the plaintiff has the burden of proving his case by a preponderance of evidence, and that a mere appearance is not sufficient. Nor, as has been said, does the absolute failure of the defendants to prove title aid the plaintiff in any way. In Griffin v. Railroad Co., 101 N. Y. 348, 4 N. E. 740, it was held that, where an action to recover a chattel is based solely upon a wrongful detention, a general denial puts in issue as well plaintiff's property in the chattel as the wrongful detention, and defendant under such a plea may show title in a stranger, although he does not connect himself with such title. The court said (page 354, 101 N. Y., and page 742, 4 N. E.):

"The plaintiff, seeking to take property out of the possession of the defendant, was bound to show title in himself; and the defendant could defend itself by showing that he did not have title, and thus did not have the right to take from it the possession which it had acquired.　Caldwell v. Bruggerman, 4 Minn. 270 (Gil. 190); Jones v. Rahilly, 16 Minn. 320 (Gil. 283); Kennedy v. Shaw, 38 Ind. 474; Sparks v. Heritage, 45 Ind. 66.　In Kennedy v. Shaw, decided under a system of pleading similar to our own, it is said: 'Where the general denial is pleaded to a complaint in an action to recover the possession of personal property, the plaintiff must show his right to the possession of the property as against anybody else.　He must recover upon the strength and validity of his own title and right to the possession of the property, and if the defendant can show the property, and right to the possession of the property, to be in himself or in a third person, he may do so under the general denial, and thus defeat the action.'"

To the same effect is Siedenbach v. Riley, 111 N. Y. 560, 19 N. E. 275.

Here the defendants proved clearly that the title to the property was still in the club.　It was proven that the board of directors had not sold or agreed to sell it.　No money paid by the plaintiff was ever received by the club.　The plaintiff's title rested on a written instrument executed without authority by individuals whose signatures were not identified, unaccompanied by delivery, and by its terms rendered void by that fact.　In short, the plaintiff failed to make out even a prima facie case, and should have been nonsuited when the defendants moved for a dismissal of the complaint at the close of his case.

The judgment should be reversed, and new trial granted; costs to abide the event.　All concur.