(67 App. Div. 372.)

### GRISWOLD v. MANNING.

(Supreme Court, Appellate Division, Third Department. December 31, 1901.)

1. PERSONAL PROPERTY—WRONGFUL DETENTION—COMPLAINT—SUFFICIENCY.

    A complaint for the wrongful detention of chattels, averring that plaintiff is their owner, and that defendant, who is in possession thereof, refuses, after demand made, to deliver the same, is sufficient.

2. SAME—ALLEGING RIGHT OF POSSESSION.

    A complaint for the wrongful detention of chattels need not aver that plaintiff is entitled to immediate possession, where absolute ownership is alleged.

3. SAME—ALLEGING WRONGFUL DETENTION.

    A complaint averring that defendant is in possession of property owned by plaintiff, which he refuses, after demand made, to deliver, sufficiently avers that the detention is wrongful.

4. SAME—ALLEGING DEMAND FOR POSSESSION.

    A complaint averring that defendant refuses, "after demand made," to deliver possession of chattels, sufficiently avers a demand by plaintiff or by an authorized agent.

5. SAME—SURPLUSAGE.

    An allegation in a complaint for the wrongful detention of chattels "that said chattels [horses] were delivered into the possession of said defendant for the purpose of having said defendant train said animals for trotting purposes" is surplusage, and failure to prove it will not affect plaintiff's rights.

6. SAME—NEGATIVING DEFENSES.

    In an action for the wrongful detention of chattels, defendant's right of possession under a lease or unexpired contract, or by virtue of a lien, is matter of defense, and need not be negatived in the complaint.

Appeal from special term, Chemung county.

Action by Clayton H. Griswold against J. Fred Manning. Judgment dismissing the complaint, and plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, EDWARDS, CHASE, and HOUGHTON, JJ.

Roswell R. Moss, for appellant.

Frederick Collin, for respondent.

EDWARDS, J. The complaint alleges that the plaintiff is the owner of the chattels therein described, of the value stated, and that the defendant, who is in possession of the same, refuses, after demand made, to deliver them to the plaintiff. The trial court dismissed the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The dismissal of the complaint was error. It contained every statement of fact essential to a recovery. Allegations of plaintiff's ownership of property, of defendant's possession, and his refusal, on demand, to deliver to plaintiff, are sufficient. Chapin v. Bank, 31 Hun, 529; Barry v. Calder, 48 Hun, 449, 1 N. Y. Supp. 586. Proof of these allegations on the trial, in the absence of any evidence on the part of the defendant showing a right of detention, would entitle the plaintiff to recover.

The defendant contends that the complaint lacks essential averments in an action for wrongful detention, one of which is that it does not allege that the plaintiff is entitled to immediate possession. Such allegation is unnecessary, where absolute ownership is alleged. Ownership imports a right of possession. The complaint must show the title to the property in the plaintiff, or his right to possession by virtue of some special property therein. Both of these are not essential. Either is sufficient to entitle him to maintain an action. Berney v. Drexel, 33 Hun, 35; Kerner v. Boardman (Com. Pl.) 14 N. Y. Supp. 787.

Another ground for impugning the sufficiency of the complaint is that it does not set forth facts showing that the detention is wrongful. I think this proposition is incorrect. A statement that defendant is in possession of property owned by the plaintiff, which he refuses, after demand, to deliver, sets forth a wrongful detention.

Another contention of the defendant is that the allegation of demand and refusal in the complaint is insufficient, for the reason that

it is not therein stated that the demand was made by the plaintiff personally or by his authorized agent. I think this is untenable. The ordinary import of an allegation that a demand was made is that it was made by the plaintiff personally, or by some one authorized to act for him, and not by a stranger; and. the defendant must have understood this to be the meaning of the pleading, and could not have been misled thereby, especially when taken in connection with the immediately preceding statement in the complaint "that since the close of the summer season said plaintiff has been endeavoring to get possession of said chattels."

In addition to the allegations stated, the complaint further avers "that said chattels [the horses] were delivered into the possession of said defendant for the purpose of having said defendant train said animals for trotting purposes." This is an unnecessary allegation. It is surplusage which the plaintiff could ignore on the trial, or he could prove it without affecting his cause of action. It simply shows that the defendant was in possession of the horses by the permission of the plaintiff for no definite time, and, as a conclusion of law, the defendant's right of possession was terminated by the plaintiff's demand. If the defendant has any right of detention under an unexpired lease or contract, or by virtue of a lien, it is a matter of defense, and must be pleaded by him in justification. The plaintiff was not bound in his complaint to anticipate any such defense, and set up matters in avoidance.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.