PRUYN v. ECUADORIAN ASS'N, Limited, et al.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

1. PLEADING—BILL OF PARTICULARS—FOR WHAT FURNISHED—FALSE REPRESENTATIONS.

In an action for false representations which induced plaintiff to invest money in bonds and stocks of a certain railway, and to expend time and money in financing other corporations in which defendant had an interest, it was proper to order plaintiff to specify in a bill of particulars what the several statements and representations were that were claimed to be false, when, where, and by whom they were made, and whether oral or in writing or otherwise, but plaintiff should not have been required to annex his documentary evidence to the bill.

**2. SAME.**

Plaintiff was also properly required to state in his bill what moneys he expended, what number of bonds he purchased, what moneys he advanced, and what corporations he financed, and the details of the claim.

Appeal from Special Term.

Action by Robert C. Pruyn against the Ecuadorian Association, Limited, and others. From an order granting defendants' motion for a bill of particulars, plaintiff appeals. Modified.

The order required the bill to state:

"First. What the several statements and representations were that are claimed to be false, and when, where, and by whom they were made, whether orally or in writing or otherwise, and, if in writing, annexing copies of such as may be in plaintiff's possession or control. Second. The respects in which any of said statements or representations are claimed to be false. Third. What number of bonds of the Guayaquil & Quito Railway Company was stated to be available for the completion and equipment of its railroad. Fourth. What the cost per mile of the construction of said railroad, then constructed and in process of construction, was stated to have been. Fifth. In what respects and to what extent the country through which such railroad then ran and was projected was stated to have been more favorable to railroad construction than in fact it was. Sixth. The place or places where valuable coal mines of large extent in the territory accommodated by said railroad, the coal from which would naturally be transported by said railroad, were stated to be, and of what nature and extent said mines were stated to be. Seventh. What the resources for transportation earnings by said railroad in other respects were stated to be. Eighth. What other statements regarding the condition of the affairs of said railroad were made. Ninth. What the liabilities and assets of said railway company were stated to be. Tenth. What moneys the plaintiff expended, as set forth in paragraph 4 of the complaint, and for what purposes. Eleventh. How many bonds of said railway company the plaintiff purchased, and when, where, from whom, and at what price. Twelfth. What moneys plaintiff advanced, and for the payment of what obligation. Thirteenth. What corporations the plaintiff financed in which the defendant, the Ecuadorian Association, Limited, had an interest, and what moneys the plaintiff expended therefor. Fourteenth. What labor and services the plaintiff rendered, as set forth in paragraph 4 of said complaint, and when, where, and for what purpose. Fifteenth. What bonds, securities, and other benefits have been received by or have accrued to the plaintiff from his alleged expenditure of money, time, and labor."

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

C. C. Collin, for appellant.
Theodore L. Frothingham, for respondents.

PATTERSON, J. The Ecuadorian Association, Limited, a foreign corporation, and Archer Harman, alleged to be its managing director, are charged in the complaint with having falsely stated and represented to the plaintiff that a railroad corporation named in the complaint, and which was being constructed by the Ecuadorian Company, "had a large number of bonds available for the completion and equipment of its railroad in excess of the amount of bonds which such company did have available for such purposes; that the cost per mile of the construction of the railroad of said railway company, then constructed and in process of construction, was much less than the actual cost thereof; that

the country through which such railroad then ran and was projected was much more favorable to railroad construction than in fact it was; that there were valuable coal mines of large extent in the territory accommodated by said railroad, the coal from which would naturally be transported by said railway company, whereas, in fact, there were no such mines whatever in such territory; and that in many other respects the resources for transportation earnings by said railroad were much greater than in fact they were; and that the condition of the affairs of said railroad was much more favorable than in fact it was; that the liabilities of said railway company were less, and its assets greater, than in fact they were." The plaintiff charged that these representations were false; that they were made by the defendant, the Ecuadorian Association, Limited, with intent to induce the plaintiff to invest money in the bonds and stocks of the railway, and to expend, time, money, and labor in financing other corporations in which the defendant had an interest; that such defendant knew the statements to be false, and the plaintiff, relying upon them, expended a large amount of money in the purchase of some of the bonds, and performed much labor in and about matters connected with the company. He brought this action to recover damages for the false representations. The defendant corporation answered, denying each and every allegation of the complaint relating to the matters above referred to, and, issue being joined, made a motion for a bill of particulars, which was granted; and the plaintiff was required to furnish such a bill.

There are 15 requirements of the order. So much of the first as commands the plaintiff to specify what the several statements and representations were that are claimed to be false, and when, where and by whom they were made, whether oral or in writing or otherwise, is correct, but the requirement that the plaintiff annex in writing his documentary evidence was unauthorized. The plaintiff is not obliged in this way to furnish his evidence to his adversary. The second requirement of the order is entirely unnecessary, as it is a repetition of that part of the first, which was correctly made. The third, fourth, fifth, sixth, seventh, eighth, and ninth requirements are also unnecessary, for what is directed to be stated by them is also included in that part of the first requirement which is retained. The tenth requirement of the order is proper. It refers to the money the plaintiff expended as claimed in the complaint. The eleventh requirement is also proper. It relates to the number of bonds of the railway company the plaintiff claims to have purchased. The twelfth is also proper, as that relates to what moneys were advanced by the plaintiff, and his proof should be limited. The thirteenth requirement is also proper, for it relates directly to the subject of what corporations the plaintiff claims to have financed, and the defendant should be notified of the details of this claim, so that it may be able at the trial to meet it. It is conceded that the fourteenth and fifteenth requirements of the order are proper.

The order should therefore be modified in accordance with what is here suggested, and, as thus modified, affirmed, without costs to either party of this appeal. All concur.