## ADAMS v. COE.

(Supreme Court, Appellate Term. December 22, 1909.)

PLEADING (§ 323*)—BILL OF PARTICULARS—ORDER.

In an action to recover possession of a horse, defendant alleged that he was the owner, and that plaintiff intrusted the horse to a third person for sale and clothed him with the "indicia of ownership," whereby defendant was induced to purchase of the third person, and plaintiff obtained an order for a bill of particulars, in which defendant was directed to furnish "a full statement of the acts of plaintiff or the facts constituting such indicia." *Held*, that it was the duty of plaintiff's attorney to inform himself as to the particulars of such defense before proceeding to trial, but that the order required a disclosure of evidentiary facts, and would be modified by ordering, "if such indicia were not in writing, a statement, general in terms, of the acts of plaintiff or the facts constituting such indicia."

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 979; Dec. Dig. § 323.*]

Lehman, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Elbridge L. Adams against Henry E. Coe. From an order of the Special Term of the City Court of the City of New York granting a motion for a bill of particulars, defendant appeals. Modified and affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Edo E. Mercelis, for appellant.

Cornell & Lockwood (John L. Lockwood, of counsel), for respondent.

GOFF, J. Plaintiff has brought suit to recover possession of a mare, of which he claims to be the owner. Defendant, in his answer, alleges that he is the owner, and sets up, as a separate defense, that plaintiff intrusted the mare to one Gibson for sale, and "clothed said Gibson with the indicia of ownership of said mare," whereby he was induced to purchase her in the belief that she was the property of Gibson. Defendant now appeals from an order for a bill of particulars by which he is directed to furnish defendant, together with other information, with "a full statement of the acts of plaintiff or the facts constituting such indicia."

The phrase "clothe with indicia of ownership" is a metaphorical expression of such uncertain meaning that it is clearly the duty of plaintiff's attorney to inform himself as to the particulars of this defense before proceeding to trial; but the order which he has obtained requires a disclosure of evidentiary facts. In Smith v. Anderson, 126 App. Div. 24, 26, 110 N. Y. Supp. 191, it appeared that defendant had pleaded a release, and plaintiff had obtained an order for a bill of particulars "of the specific words, acts, and writings * * * constituting the release." The order was modified so as to require defendant to state whether or not the release was express, and, if so, to set forth a copy thereof, and, if implied from acts, to set forth in general terms the nature of those acts.

Section 4 of the order appealed from is modified, so as to read as follows: "If such 'indicia' were not in writing, a statement, general in terms, of the acts of plaintiff or the facts constituting such indicia" —and, as so modified, affirmed, without costs, but with disbursements to the appellant.

GIEGERICH, J., concurs.   LEHMAN, J., votes for affirmance.