SPENCER R. HILL and Others, Copartners Doing Business under the Firm Name and Style of RICHARDSON, HILL & Co., Appellants, *v.* THE INTERNATIONAL PRODUCTS COMPANY and Others, Respondents.

First Department, July 14, 1922.

Pleadings — bill of particulars — action for rescission of contract on ground of fraud — plaintiffs will not be required to give in full substance of oral demand for cancellation.

In an action for the rescission of a contract on the ground that the execution and performance thereof by the plaintiffs were procured by fraud, wherein the plaintiffs allege that after discovering the fraud they demanded a cancellation of the agreement and the return of the money paid thereon, they will not be required to furnish in full the substance of any oral demand made for the cancellation of the contract, since that would require them to disclose their evidence to which the defendants are not entitled.

APPEAL by the plaintiffs, Spencer R. Hill and others, from an order of the Supreme Court, made at the New York Special Term on the 14th day of April, 1922, requiring the plaintiff to furnish to the defendants certain particulars with respect to the 108th paragraph of the complaint.

*Seabury, Massey & Lowe* [*Samuel Seabury* of counsel; *George Trosk* with him on the brief], for the appellants.

*White & Case* [*David Paine* of counsel], for the respondent The International Products Company.

*Scott, Gerard & Bowers* [*Stewart W. Bowers* of counsel], for the respondents Percival Farquhar and others.

GREENBAUM, J.:

The action was brought for the rescission of a contract, under which plaintiffs purchased stock of the defendant corporation from it, on the ground that the execution and performance of the contract by the plaintiffs were procured by the fraud of the defendants. Judgment is also demanded for $1,440,000, being the amount of money paid under the contract by the plaintiffs to the defendant corporation.

The 108th paragraph of the complaint alleges that promptly after discovering the fraud plaintiffs demanded a cancellation of the agreement and the return of the money paid thereon.

The portion of the order from which the appeal is taken requires the plaintiffs to set forth with respect to the demand, " whether or not said demand was oral or written. (a) If oral, set forth in full the substance thereof, the date or dates on which made, the individual by whom it was made, and the names of the plaintiffs [doubtless meaning defendants] or their representatives to

whom the said demand was made. (b) If written, attach a complete copy thereof to the bill, and set forth the date or dates on which made, the individual by whom it was made, and the names of the plaintiffs [defendants?] or their representatives, to whom said demand was made."

The appellants contend that, in so far as it requires plaintiffs to give the aforesaid particulars with respect to the demand alleged in the complaint, it is erroneous within the recent decision of this court in the case of *Wolff* v. *Hubert* (200 App. Div. 124) in which this court, Mr. Justice PAGE writing, said: "In the 'fifth' paragraph of the complaint is alleged the tender, request and refusal of the delivery of the stock. The court requires a statement of whether such tender and offer was written or oral; if in writing, annex a copy thereto; *if oral, state the substance of what was said by each party herein on each of the dates mentioned in paragraph 'fifth.'* The italicised words should be stricken out. These provisions of the order call merely for the statement of plaintiff's evidence, and were clearly improper." (Italics by the court.)

We are of the opinion that, in so far as the order directs plaintiffs to set forth " in full the substance " of the oral demand, it calls upon the plaintiffs to disclose their evidence, to which the defendants are not entitled.

The order should be modified by denying the motion as to item "(a)" in paragraph " X " of the notice of motion so far as it demands a bill of particulars setting " forth in full the substance " of the demand therein referred to, if the same was oral; and as so modified affirmed, with ten dollars costs and disbursements to the appellants.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order modified as directed in opinion, and as modified affirmed, with ten dollars costs and disbursements to appellants.