In the Matter of the Estate of J. HARVEY CARNEY, Deceased.

Surrogate's Court, Niagara County, July, 1922.

**Surrogate's Court — practice — discovery proceeding — answer denying that respondents are in possession of property and that estate is the owner of part thereof — proceeding merely inquiry and not a trial.**

Under section 206 of the Surrogate's Court Act a discovery proceeding becomes a trial only when the answer alleges title to or right of possession of any property involved in the proceeding.

Where, therefore, the answer to a petition filed by an executor under section 206 of the Surrogate's Court Act contains no allegation of title in the respondents or either of them, but merely denies that they or either of them were in possession of property belonging to decedent's estate and also denies the estate's ownership of certain mortgages referred to in the petition, the proceeding stands as nothing more or less than an inquiry or discovery proceeding and is not a trial within the meaning of said section and must proceed as such a proceeding unless respondents voluntarily ask to amend their answer.

DISCOVERY proceeding.

*Edward Gram*, for petitioner.

*Charles S. Orton*, for respondents.

HICKEY, S. On March twenty-fifth last, Carl H. Smith, as executor of the last will and testament of J. Harvey Carney, deceased, filed a petition in this court under section 205 of the Surrogate's Court Act alleging that Martha A. Hoover and Clarence C. Hoover were, or that one of them was, in possession of money or other personal property which was the property of decedent, and that they, or one of them, was in possession of certain specified mortgages which were part of decedent's estate, and that they refused to deliver such property and mortgages to petitioner, and

praying for an order requiring them to attend an inquiry and be examined under oath in respect to such property.

An order was thereupon issued requiring the said Martha A. Hoover and the said Clarence C. Hoover to appear before the court on the first day of April, and be examined concerning such property.

The respondents appeared as required but filed no answer on the return day. Martha A. Hoover was then sworn and examined in behalf of petitioner and the hearing was then adjourned. On the adjourned day respondents, pursuant to a previous understanding with petitioner, filed an answer. Such answer denied that respondents or either of them were in possession of property belonging to decedent's estate and denied the estate's ownership of the mortgages referred to in the petition. The answer did not allege title in the respondents or either of them.

At the adjourned hearing respondent Martha A. Hoover was recalled for further examination by petitioner and in the course of such examination some incident arose which caused the court to inquire whether the proceeding was simply an inquiry or whether it was a trial of the question of title. Petitioner insisted that it was a trial of the title to the property referred to in the petition. Respondents maintained to the contrary, claiming that the proceeding was simply an inquiry. An adjournment was thereupon taken to enable counsel to examine the law on the subject, petitioner requesting that the point be decided before proceeding further with the hearing. Counsel have since been heard on the question and have filed briefs.

Section 206 of the Surrogate's Court Act reads as follows:

" § 206. Trial and decree. If the person directed to appear submits an answer denying any knowledge concerning, or possession of, any property, which belonged to the decedent in his lifetime, or shall make default in answer, he shall be sworn to answer truly all questions put to him touching the inquiry prayed for in the petition. If it appears that the petitioner is entitled to the possession of the property, the decree shall direct delivery thereof to him. If such answer alleges title to or the right to possession of any property involved in the inquiry, the issue raised by such answer shall be heard and determined and a decree made accordingly."

It will be noted that under this section the form of the answer seems to determine the nature of the proceeding, whether an inquiry or a trial; and it will be further noted that according to this section the proceeding becomes a trial only when the answer " alleges title to or the right to possession of any property involved in the inquiry."

Petitioner maintains that the denial in respondent's answer of the estate's ownership of the property referred to in the petition raises the question of title and thus converts the proceeding into a trial. I am unable to concur in this contention. It seems to me that the plain meaning of section 206 quoted above is that title or a right to possession in respondents must be alleged before an issue is raised which requires a trial and determination of such issue. A denial in the answer of the estate's ownership is not sufficient.

Legislation enlarging the powers of surrogates has not yet proceeded so far as to confer upon the petitioner, in a proceeding such as this, the sole power of determining the forum in which the question of title shall be settled, regardless of the wishes of other parties to the proceeding. The right to determine that question seems rather to have been conferred upon the respondent, and the form of the answer interposed expresses the respondents' wishes in that respect, at least to the extent of declining to have the issue determined in Surrogate's Court.

In this proceeding the respondents have not alleged title or the right of possession in themselves, or in either of them, and the proceeding, therefore, remains an inquiry or discovery proceeding instead of becoming, as petitioner urges, the trial of an issue of fact.

Petitioner, however, advances a further argument why this proceeding should be regarded as a trial instead of an inquiry. It appears that in the course of his examination of the respondent Martha A. Hoover, petitioner did not confine himself to the question of her possession, or the possession of her husband, but went beyond that point into the question of how she acquired possession. It then developed that she not only claimed possession, but also claimed title derived through a written assignment from testator in his lifetime, for a valuable consideration.

Petitioner now maintains that the question of title is raised by this testimony, which he unnecessarily brought out, and he, therefore, insists that the issue of title is thus before the court and must be determined, and he urges further in this connection that the respondent Martha A. Hoover should be compelled to amend her answer to conform to the proof by alleging title, and that the hearing proceed; not as an inquiry, but as a trial of the question of title.

There is no merit in either of these arguments. It is optional with a litigant who is brought into court at the instance of another, to plead or not, as he thinks his interest may require. If he does not plead he cannot be compelled to. If he does plead, he has a right to stand upon his pleadings. In such a proceeding as this,

if respondents had not answered at all, the proceeding would remain an inquiry and nothing else, regardless of what the testimony disclosed. If respondents had failed to answer in this proceeding and the evidence was the same as that which the record now discloses, petitioner could with just as much reason ask for an order compelling respondents to interpose an answer alleging title, as he can now ask for an order compelling her to amend her answer by alleging title. It is a common occurrence for a party to a litigation to ask permission to amend his own pleadings to conform to the proof, or to meet some other condition which has arisen. But to me it is an unheard of proposition that one party to a litigation can be compelled, on the motion of his adversary, to amend his pleadings to conform to the proof or to meet any other special condition. No authority supporting such a contention has been called to my attention and it does not impress me as being sound in principle.

I, therefore, hold that the proceeding as it now stands is nothing more or less than an inquiry or discovery proceeding, and is not a trial within the meaning of section 206 of the Surrogate's Court Act, and must proceed as such unless respondents voluntarily ask leave to amend. Of course, if petitioner wishes to discontinue the proceeding, he is at liberty to do so.

The matter may be held until July sixth, at ten o'clock A. M., when the inquiry may proceed or be discontinued, if the petitioner so elects.

Ordered accordingly.