In the Matter of the Application of JOHN A. BUCKLER, as Administrator, etc., of JENNIE BUCKLER, Deceased, Petitioner, to Discover Certain Property of Said Deceased Claimed to Be Withheld.

Surrogate's Court, Monroe County, January 12, 1928.

**Surrogate's Court — proceeding for discovery and delivery — respondents denied having property belonging to estate of decedent — decedent, prior to her death, gave box containing savings bank pass book and large sum of money, to one of respondents — under Surrogate's Court Act, § 206, issue joined is one of title which court may try — burden is on petitioner to show ownership — demand for jury trial made too late.**

This is a proceeding for the discovery and delivery of certain personal property alleged to be in the possession of the respondents and to have belonged to the decedent at the time of her death. The decedent gave to one of the respondents a box in which were savings bank pass books and a large amount of money. The answer interposed by the respondents denies that respondents have any property belonging to the estate of the decedent except certain listed articles not questioned in this proceeding. The issue joined in this proceeding is one of title since it is a proceeding both for discovery and delivery and the court has the power, under section 206 of the Surrogate's Court Act, to try the title to the property.

The motion to dismiss, however, is granted, on the ground of failure of proof, since the burden of proving title in the estate of the decedent rested upon the petitioner and that burden is not sustained by merely proving facts showing that property of the decedent was given by her to one of the respondents. The proof established a *prima facie* case of gift which offset her prior possession of title, and makes it impossible for the court to state that the petitioner is entitled to the immediate possession of the property on the ground that the decedent owned the property at the time of her death.

A demand for a jury trial, made by the respondents on the argument of the motion to dismiss, after the evidence had been introduced, was made too late if it be held that the respondents are entitled to a jury trial of the question of title. A jury trial should have been demanded at the earliest practical time.

MOTION by respondents to dismiss petition in discovery and delivery proceeding.

*J. B. Glen,* for the petitioner.

*J. E. Cuff,* for the respondents.

FEELY, S. Before this decedent died she had in her possession a box in which were her own savings bank pass books, some other articles concededly her own, and some bundles of currency, totaling several hundred dollars. This money was tied up with a colored string, but not labeled, nor earmarked in any self-explanatory way. It appears that this box, containing the foregoing property, was

turned over by the decedent herself to Ella Yeares, wife of her half-brother. This recipient, after having been served with an order for discovery and delivery herein, turned the box over to Charles Yeares, her brother-in-law, who was thereupon made respondent in a like order for further discovery and for delivery. Each petition alleged the property belonged to the estate and was in possession of the respondents, who had withheld the same from the petitioning administrator of the decedent. Both proceedings came on for hearing together; and each respondent filed an answer wherein they deny, in the language of the statute, having any property belonging to the estate of the decedent, except certain listed articles not now in question.

The petitioner rested his case, after having shown the foregoing facts by the testimony of the two respondents, whom he called to the stand, the latter also testifying he still retained possession of the box, with its contents intact. Counsel for respondents then moved to dismiss both proceedings, on the pleadings, and also on the ground that the burden was on the petitioner to establish title in the estate. These answers appear to have been framed, and put in, on the authority of *Matter of Carney* (119 Misc. 104), counsel arguing that this court had not acquired jurisdiction to try title, and that the shift of possession from one respondent to the other placed any relief in the first proceeding beyond the power of this court to grant. In the case cited, an executor obtained an order that certain persons, alleged to be in possession, and to have refused to deliver property of the decedent, attend and be examined under oath in respect thereto. Their answers denied the estate's ownership, without setting up title in themselves, or either of them, or a third person. During the examination in that case, the petitioner raised a question by claiming the proceeding was a trial of title; and argued that his examination had elicited the fact that one of the respondents claimed title to the property under a written assignment from the testator. Obviously, the petitioner could not compel the respondent to amend his answers so as to conform to such proof of title. The surrogate correctly held that " the proceeding as it now stands is nothing more or less than an inquiry or discovery proceeding, and is not a trial [of title] within the meaning of section 206 of the Surrogate's Court Act." The Appellate Division in this department affirmed the decree (206 App. Div. 734) " on the ground that the practice adopted on the hearing required the surrogate to dismiss the proceeding, and we do not pass on the construction of sections 205 and 206 of the Surrogate's Court Act." This last seems to be anent certain statements in the opinion below to the effect that these sections

appear to confer upon the respondent the privilege of choosing the forum in which an issue of title should be tried; and that the " form of the answer interposed expresses the respondents' wishes in that respect, at least to the extent of declining to have the issue determined in Surrogate's Court." The petition, so far as it is described in the opinion, appears to have asked only for discovery. The surrogate wrote that " a denial in the answer of the estate's ownership is not sufficient " to raise the question of title, and thus convert the inquiry into a trial thereof. The practice adopted in that particular case was the interposition of an answer containing an unnecessary denial of title in the petitioner who had only asked for an inquiry or discovery. This is enough to distinguish that case from the one at bar, wherein the prayer is expressly for delivery as well as for discovery. It is unnecessary, then, to go into the question whether where only discovery was asked for, it might very properly be said that an answer admitting possession and denying petitioner's title would, under the wording of these sections, result in the respondent having the choice of forum, at least, in so far as title in such case is to be tried in what was instituted only as an inquiry before the surrogate, without any prayer for delivery. The peculiar wording of these sections, especially section 206 of the Surrogate's Court Act, is due to the fact that the successive amendments thereof were engrafted upon a differently designed original, with the least change in the wording of the original discovery provisions consistent with extending the section so as to include delivery, or proceeds and value. I am of the opinion, therefore, the issue joined here is one of title, which this court can try out.

As to the burden, it seems to me that inasmuch as the petition herein expressly asks for delivery, the petitioner could not avoid a nonsuit if this proceeding were cast in the form of an action to recover a chattel, because, while the *prima facie* case shows the decedent had possession of the disputed property — and aside from possession there is no other evidence of her ownership thereof — she is also shown to have delivered the property over to others in her lifetime; and this apparent gift, or surrender of possession, offsets her prior possession, and renders it impossible to say that the petitioner, in the most favorable aspect of this testimony to her, is entitled, *prima facie*, to immediate possession thereof, as of goods that were owned by the decedent at the time of her death. It seems to me that in all these cases, where not merely discovery, but also delivery is sought, the burden in on the petitioner, as was said in *Matter of Tipple* (118 Misc. 430). These answers are in the nature of general denials of petitioner's right to possession

and his decedent's ownership; they are not framed in confession and avoidance, nor do they set up affirmative defenses to the petition. The petitioner is thereby put to his proof of the prerequisites of the delivery he asks for, namely, such as shows a right in him to immediate possession, and ownership in his decedent. In such circumstances, these answers seem to me to raise an issue of " title to and the right of possession of " the property, within the meaning of section 206 of the Surrogate's Court Act.

The motion should be granted to dismiss, but without prejudice to the right of petitioner to move for leave to reopen and offer further proof.

The remaining question relates to the demand for trial by jury. After the close of the evidence, counsel for respondents stated in open court, during the argument of the motion to dismiss, that if it were granted, he proposed to demand trial of title by jury. Assuming the right thereto has been established by *Matter of Nutrizio* (211 App. Div. 8) over against the prior rulings in *Matter of Callahan* (95 Misc. 438) and *Matter of Silverman* (87 id. 571), it seems to have been waived in the circumstances by not having been demanded seasonably, and at the earliest practical time.

Let an order be entered accordingly.