In the Matter of the Estate of ANNIE PICKARD, Deceased.

Surrogate's Court, Erie County, April 21, 1932.

*Charles F. Boine [John W. Ryan of counsel], for the administrator.*

*Desbecker, Fisk & Newcomb [Walter C. Newcomb of counsel], for Katherine A. Mahoney and Nellie E. Kurtz.*

HART, S.   This proceeding was instituted by petition of the administrator of decedent's estate, upon which an order was granted on or about April 23, 1931, directing an inquiry under section 205 of the Surrogate's Court Act, and directing Katherine A. Mahoney to appear and be examined, and to show cause why she should not deliver $5,248.26 to the petitioner, and for such other further relief, legal or equitable, that might be proper under section 40 and section 206 of the Surrogate's Court Act.   Miss Mahoney appeared and was examined by petitioner's counsel and by her own counsel on May 6, 1931; and at an adjourned hearing on May 27, 1931, the petitioner produced and examined the manager of the Riverside Branch of the Marine Trust Company as his witness, and also re-examined Miss Mahoney; and a hospital nurse was produced and examined by Miss Mahoney's counsel as to decedent's mental condition and as to her knowledge that she was about to die, at which time said proceeding was regularly adjourned

to June 3, 1931. Then on May 29, 1931, the petitioner began an action in the Supreme Court against Miss Mahoney and Dr. Nellie E. Kurtz, as defendants, for the recovery of said sum of $5,248.26.

And on June 3, 1931, the regular adjourned date of this proceeding, Nellie E. Kurtz, by an instrument in writing, duly acknowledged, appeared in this proceeding, such appearance having the same force and effect as if she had been regularly cited. (See Surr. Ct. Act, § 41, subd. 3, par. b.)

And on said date petitioner's attorney stated that he wished to abandon said proceeding and proceed with the prosecution of his action in Supreme Court, and filed a further petition, which, among other things, asked the following relief:

1. For an order of this court, discontinuing the pending discovery proceeding;

2. For an order of this court, sustaining objection of petitioner to the appearance of the said Nellie E. Kurtz;

3. That if the application for the discontinuance of the discovery be denied, for an order of this court, directing a trial by jury of all issue of facts raised between petitioner and Katherine A. Mahoney;

4. If the prayer of the petitioner that his objections to the appearance of Nellie E. Kurtz be denied, then for an order of this court, directing a trial by jury of all issues of fact between petitioner and said Nellie E. Kurtz, which application is now pending.

Two questions are, therefore, raised, *first*, the jurisdiction of the court, and, *second*, as to the right of petitioner to a jury trial.

Since the amendment of 1924 (Laws of 1924, chap. 100) to sections 205 and 206 of the Surrogate's Court Act, there can be no doubt this court has jurisdiction to determine and dispose of every claim to property which should be delivered to an executor, administrator or guardian. (*Matter of Akin*, 248 N. Y. 202; *Matter of Wilson*, 252 id. 155.)

This court acquired jurisdiction of the petitioner and of Miss Mahoney by the proceedings instituted on behalf of petitioner, and acquired jurisdiction of Dr. Nellie E. Kurtz by her voluntary appearance herein on June 3, 1931, and, therefore, has complete jurisdiction of the subject-matter and all parties in interest. (See Surr. Ct. Act, § 41, subd. 3, par. b.)

As to the right of petitioner to abandon this proceeding and begin again in Supreme Court or to now demand a jury trial, it appeared before the close of the testimony taken on May 6, 1931, that Miss Mahoney claimed no personal interest in the said sum of $5,248.26, but that she had promised decedent to use some of it for masses and to pay the balance to Dr. Kurtz, and I am of

499

the opinion that by proceeding with the examination of other witnesses at the subsequent hearing on May 27, 1931, the petitioner waived his right to a jury trial, and that as this court now has jurisdiction of the subject-matter and all the parties in interest, this proceeding should continue to a conclusion in the manner in which it was started. (*Matter of Buckler*, 131 Misc. 172.)

An order may, therefore, enter, denying petitioner's application to discontinue and denying the right to a jury trial.