In the Matter of the Estate of SARAH E. EYER, Deceased.

Surrogate's Court, Wayne County, January 12, 1943.

*Charles P. Williams* for Edward Smith, as surviving executor of Sarah E. Eyer, deceased, petitioner.

*Martin J. Barry* for Que Martin and Eva L. Brier, respondents.

BRASSER, S. The decedent died March 4, 1941, leaving a last will and testament wherein she named her husband, Samuel Eyer, and this petitioner, Edward Smith, executors. Samuel Eyer died July 9, 1942. The decedent and Samuel Eyer were owners at the time she died of a farm in the town of Galen, as tenants in common. The farm, equipped with stock and farm tools, had been operated by Samuel Eyer for many years.

On February 3, 1941, about a month before decedent died, Samuel Eyer executed a bill of sale purporting to transfer title to " ten head of grade Herefords; three head of horses; farming tools and equipment on farm in the Town of Galen, New York, worked by Que Martin for the past two years," and delivered the same to Mr. Martin. After Samuel Eyer's death, Martin sold seven of the " ten head of grade Herefords " for $950.

In this discovery proceeding instituted pursuant to section 205 of the Surrogate's Court Act, petitioner, Edward Smith, as surviving executor of decedent's will, seeks an order requiring Que Martin to " pay over to petitioner the sum of four hundred and fifty dollars, being one-half of the proceeds of the cattle sold, and adjudging that petitioner, as executor * * * is the owner of an undivided one-half interest in the three horses and the three head of white-faced Hereford cattle, and the tools remaining on the farm."

There is no proof that the bill of sale was executed and delivered as a gift, in which event the burden of proof in this proceed-

ing would be upon the respondent, Que Martin. (*Matter of Booth,* 215 App. Div. 516.) Nor is there any proof of fraud requiring said respondent to " show affirmatively that no deception nor undue influence was used." (*Matter of Gallagher,* 137 Misc. 564.) Petitioner has the burden of making a *prima facie* case. (*Matter of Buckler,* 131 Misc. 172, and cases cited.) Even the failure to answer the petition does not relieve petitioner of this burden. (*Matter of Massey,* 143 Misc. 794.)

Petitioner contends that because decedent and her husband owned the farm as tenants in common, it is presumed that the personal property thereon was also owned by them as tenants in common. Counsel cites no authority, nor have I been able to find any, to sustain his contention.

" The services of the wife in the household, and in connection with the house and with the husband's business, are *prima facie* on his account." (*Smith* v. *Burhyte,* 197 App. Div. 725.)

Witnesses for the respondent Que Martin testified that Samuel Eyer had operated the farm for many years, buying materials therefor and selling the products thereof. There is no evidence that Sarah Eyer acquired any title or interest in said personal property by purchase, gift, or otherwise, or that she contributed or loaned any funds to assist in such acquisition.

While the proofs clearly show that Samuel Eyer transferred substantially all of his personal estate, together with about twenty acres of land, to the respondent Que Martin and his half-sister, Eva L. Brier, in a relatively short time before his death, this fact is not material in establishing in the decedent title as a tenant in common, in the property described in the bill of sale. The burden of establishing title by a fair preponderance of the evidence is not met by proof of extraneous or even possibly suspicious circumstances.

Community property is not recognized in this State. (31 Corpus Juris 12, § 1074.)

The Legislature since 1848 has gradually enlarged the powers of married women to acquire, possess, and sell real and personal property, until now a married woman can manage and control her property the same as if a *feme sole*. (Domestic Relations Law, §§ 50-56.)

Counsel for petitioner argues that the general rule, that possession raises a presumption of ownership, should be invoked. The character of and use by Samuel Eyer of the property claimed were such as to militate against this general presumption. It is, in my opinion, unavailing to establish tenancy in common, even though a doubtful, technical possession by the decedent might be assumed.

It is a common practice for a farmer to own his farm as tenant by the entirety or tenant in common with his wife, and be the absolute owner of the stock and tools thereon.

Were it to follow that title to real estate so held raised a presumption that the husband's title to his farm equipment was merely that of a tenant in common with his wife, it is not easy to foresee the limitations of the wife's interest in his property or estate, or the legal involvements which might arise therefrom. In my opinion, petitioner has failed to establish any interest in the personal property transferred to Que Martin by Samuel Eyer.

As to the two shares of preferred stock of the Briggs National Bank and Trust Company, owned by decedent when she died and transferred by Samuel Eyer to Que Martin, the order shall direct Que Martin to transfer the two shares forthwith to petitioner. The petition is, in all other respects, dismissed. Submit order.