In the Matter of the Estate of SAMUEL G. BUCHALTER, Deceased.

Surrogate's Court, Bronx County, February 27, 1953.

*Monroe J. Cahn* for Esther Siderman, respondent.

*Irving Sverdlik* for Gertrude Buchalter, as administratrix of the estate of Samuel G. Buchalter, deceased, petitioner.

McGRATH, S. In this discovery proceeding which has been brought for the recovery of certain personal property in the possession of the respondent, a motion has been made to vacate the demand of the administratrix for a bill of particulars.

The respondent by her answer in the proceeding "alleges that she is the owner of personal property set forth in paragraphs 'Fifth', 'Sixth' and 'Seventh' of the petition and claims title thereto." In addition to this claim, the answer sets up the defense of the Statute of Limitations and denies the allegations of the petitioner that any of the property in her possession should be delivered to the administratrix or belongs to the estate.

The demand of the administratrix is for particulars relating to the Statute of Limitations and the claim of title.

With respect to the claim of title, the demand requests the respondent to "(a) state in what manner respondent claims title to the personal property set forth in paragraphs 'Fifth', 'Sixth' and 'Seventh' of the petition; (b) state whether respondent claims title by gift, assignment, purchase or in any other manner; (c) state whether any consideration passed from respondent to decedent for any of the property described in paragraphs 'Fifth', 'Sixth' and 'Seventh' of the petition. If such consideration did pass, state what such consideration was in each case and when and where the passage of such consideration occurred; (d) state when and where and the manner in which the respondent acquired possession or ownership or both, if so claimed, of any and all of the property set forth in paragraphs 'Fifth', 'Sixth' and 'Seventh' of the petition ".

The respondent opposes the demand respecting the Statute of Limitations because the petition fails to allege any dates as to when the personal property came into her possession, and the bill of particulars which the petitioner was directed to furnish to the respondent likewise fails to give any particulars as to the facts upon which the administratrix claims title in the decedent.

Opposition to the particulars relating to the claim of title is made on the grounds that (1) the petition is indefinite and the petitioner has failed to supply a bill of particulars; (2) none of the bases of title suggested by the demand is set forth in the answer; and (3) the burden of proof is upon the petitioner to establish title in the decedent and not upon respondent to establish title in herself.

The motion of the respondent is granted. The petitioner is not entitled either as a matter of right or of discretion to the particulars demanded.

The defense of the Statute of Limitations was obviously interposed to enable respondent to take advantage of it if the petitioner's proof should render it applicable. At the present time, the precise applicability cannot be shown. The petition and the bill of particulars of the petitioner contain no dates and completely fail to set forth any facts upon which the administratrix claims title in the decedent. The respondent should not be placed in the position of giving particulars as to dates which would limit her upon the trial but which would not limit the petitioner.

As to the demand that particulars be furnished setting forth "the date when the respondent contends petitioner's claim for relief, if any, was actually interposed," no necessity exists for such particulars. The facts upon which the question of law depends are as well known to the petitioner as to the respondent.

The statute (Surrogate's Ct. Act, § 206) is silent as to the form of the answer to be filed in a discovery proceeding. However, since such a proceeding is in the nature of an action in replevin (*Matter of Kevill,* 166 Misc. 230), the answer would seem to be in proper form and sufficient in substance if it conforms to the requirements of a pleading in such an action.

Tested by these standards, the answer interposed herein is legally sufficient (Rules of Civil Practice, rule 270; cf. *Griswold* v. *Manning,* 67 App. Div. 372). By its interposition, this proceeding has ceased to be an inquiry, and a litigated issue which may be tried by the court under section 206 of the Surrogate's Court Act has been properly presented (*Matter of Gergely,* 193 Misc. 51).

This assertion of title under the statute (Surrogate's Ct. Act, § 206) is in the nature of a general denial. There is nothing in the pleadings which indicates that the respondent concedes that the decedent was at any time the owner of the property in issue. The answer therefore does not shift the burden of proof from the petitioner to the respondent (*Matter of Buckler,* 131 Misc. 172, revd. on other grounds, 227 App. Div. 146; *Matter of Tipple,* 118 Misc. 430; *Matter of Bunt,* 96 Misc. 114; cf. *Levy* v. *Kelter,* 63 App. Div. 392, 395).

The petitioner is not entitled to a bill of particulars of the respondent's source of title (*Wilks* v. *Greacen,* 120 App. Div. 311; *Matter of Mullin,* 143 Misc. 256, 260).

Settle order.