John D. Bennett, S.
In this discovery proceeding respondent moves to vacate the petitioner’s demand for a bill of particulars on the grounds that the demand is repetitious, burdensome, and seeks evidentiary matter.
The respondent has interposed an affirmative defense to paragraph 4 of the petition, alleging that the stock sought to be recovered by the petitioner was the subject of a gift to her.
Bills of particulars are regularly required in a discovery proceeding (Matter of Leary, 175 Misc. 253). Although no particulars may be demanded during the inquisitorial stage, where there is an affirmative answer (as here) alleging a gift from the decedent, the burden is on the party asserting that fact, and he will be required to furnish a bill of particulars (Matter of Kuster, 12 Misc 2d 239; Matter of Kevill, 166 Misc. 230).
Item 1(c) of the demand seeks to determine whether such alleged gift was made orally or by a written instrument. If by a writing, an exact copy is demanded, or, if oral, the substance thereof.
Item 1(c) is granted. The request is not a demand for evidentiary matter. The mere allegation that the stock was the subject of a gift to respondent is not enough to apprise petitioner whether the gift was made orally or by a written instrument (cf. Adams v. Coe, 65 Misc. 517). Although the Adams case concerned an action for replevin, a discovery proceeding is in the nature of a replevin action (Matter of Buchalter, 203 Misc. 1074, 1076).
Item 1(d) is denied as the same seeks the actual words said at the time the gift was allegedly made. Such a demand seeks evidentiary matter, which is improper (Hill v. International *387 Prods. Co., 202 App. Div. 701; McCullen on Bills of Particulars, § 177).
Items 2, 2(a), 2(b), 2(c), 2(d), 3, 5 and 6 are disallowed as repetitious (Pruyn v. Ecuadorian Assn. Ltd., 94 App. Div. 195).
Item 4 demands the names and addresses of all persons present at the time the gift was allegedly made. Where witnesses are merely passive observers of a transaction, their names will not ordinarily be disclosed pursuant to a demand or order for a bill of particulars (Matter of Britton, 167 Misc. 747; Schafrann v. Ruthberg, 43 N. Y. S. 2d 614). Item 4 is accordingly modified to entitle petitioner to the names and addresses of any individuals who participated in the alleged mter vivos gift transaction (Matter of Rowney, N. Y. L. J., April 15, 1952, p. 1499, col. 1).
Items 7, 9, 9(a), 10, 10(a), 10(b), 12, 16, 16(a) and 17 are disallowed as immaterial and unnecessary on the papers presented.
Items 19, 19(a), 19(b) are allowed and items 18, 18(a) and 19(d) are disallowed as repetitious. Items 19(c) and 19(e) are disallowed as demanding evidentiary matter. The remaining items are consented to and are therefore allowed.
Settle order on five days ’ notice.