S. Samuel Di Falco, S.
The respondents in this discovery proceeding have moved to dismiss the proceeding and to preclude the petitioner from offering any evidence at the trial of the proceeding as to any of the items set forth in their demand for a bill of particulars. The petitioner has moved by cross motion to vacate the demand for a bill of particulars.
The petitioner herein is the ancillary executor of the decedent’s estate, having been appointed as such by decree of this court dated April 7,1959. In his capacity as ancillary executor he brought a proceeding for discovery directed against four *532 respondents alleging in his petition facts which tended to show that the said respondents had property or money or knowledge of property or money in their possession which rightfully belonged to the decedent’s estate. Two of the respondents have appeared and filed answers. One of such respondents interposed an answer denying most of the allegations of the petition but admitting that she had in her possession certain property in which the decedent had a one-third interest during his lifetime. The said answer further alleges that the respondent is entitled to one third of the property and that the property in question is the joint property of two of the respondents and the decedent. The other answering respondent also denies most of the allegations of the petition, denies possession of any of the property and asserts title as to one third of the property. The nature, extent and amount of the specific property claimed to be jointly held is not set forth but a claim of title to two thirds of certain property is obviously intended by the answering respondents.
The motion now before the court seeks dismissal of the discovery proceeding on the ground that it does not set forth facts sufficient to state a cause of action; that it is vague, indefinite and uncertain and that it does not set forth the specific personal property which allegedly belonged to the decedent. In their memorandum of law submitted in support of the motion, the respondents also claim that the proceeding should be vacated because the petitioner herein is using the proceeding in an attempt to collect a common debt due from the respondents to the decedent.
A discovery proceeding is a unique summary procedure authorized by sections 205 and 206 of the Surrogate’s Court Act which enables an estate representative to inquire after and recover personal property or the proceeds or value thereof which belonged to the decedent and is being withheld from his estate. Under the procedure authorized by the sections, a respondent may be examined as to his knowledge or possession of estate assets and a trial may be had as to the issue of title if ownership is claimed by the respondent. The discovery sections also authorize the tracing of estate assets and the Surrogate’s Court has jurisdiction “ to dispose of every claim to property which should be delivered to an executor, administrator or guardian ”. (Matter of Akin, 248 N. Y. 202.) The summary remedy afforded by a discovery proceeding may not, however, be used to enforce a contract obligation or to collect a common debt. (Matter of Thomas, 235 App. Div. 450; Matter of Hammer, 237 App. Div. 497.) In the case at bar, the petition for discovery alleged suf *533 ficient facts tending to show that the respondents had possession of or knowledge of money or personal property which should he turned over to the petitioner as estate representative. Paragraphs 3, 4, 8, 9 and 14 of the petition set forth that property is being withheld and the specific nature of such property allegedly withheld. The answers interposed by the respondents are vague but they indicate a claim of title to part of the property. Whether such property is claimed by way of gift or whether the respondents claim title as joint venturers with the decedent is not apparent but possession of property in which the decedent had an interest is admitted. From the pleadings and at this stage of the proceeding, it is impossible to ascertain the nature of the decedent’s interest in the property but further inquiry may reveal the true nature of the decedent’s interest and whether a trial to determine title is necessary. In addition, in the opinion of the court, the proceedings thus far do not support the respondents’ contention that this is an attempt by the petitioner to collect a personal claim which the decedent had against the respondents. The motion to dismiss the discovery proceeding is therefore denied.
The petitioner on September 29,1959 made a motion to vacate respondents’ demand for a bill of particulars and for other relief. This court in a decision which appeared in the New York Law Journal on October 26, 1959 (p. 13, col. 7) denied that portion of the petitioner’s motion which sought to vacate the respondents’ demand for a bill of particulars on the ground that it was premature. The propriety of the items of the respondents’ demand could not be ruled upon at that time because the petitioner had neglected to submit a copy of the respondents’ demand with his motion papers. An order based upon that decision was entered on January 8, 1960. Under the terms of that order the petitioner was given until 10 days after the conclusion of the examinations in the discovery proceeding to file his bill of particulars. It is apparent, therefore, that the respondents’ motion to preclude is premature and should fail. Likewise, the petitioner’s cross motion to vacate the demand for a bill of particulars, which questions seriatim the propriety of all the items of the demand as though he had made a timely motion to vacate or modify same, should fail.
However, the court now has before it a copy of the demand and in order to clarify the issues and avoid the necessity of further motions in connection therewith, will rule upon both motions at this time. It is unfortunate that attorneys do not abide by the provisions of rule 115 of the Rules of Civil Practice and ignore the requirement that a motion to modify or *534 vacate a demand for a bill of particulars must be made within five days. But as stated in Hersh v. Home Ins. Co. (284 App. Div. 428) it is a practice common to a respectable portion of the Bar and indulged in by attorneys of good repute without any intention on their part to overreach or take undue advantage of their adversaries. In the case at bar, the effect of a preclusion order would probably seriously hamper the petitioner’s ability to prove his case to the detriment of the decedent’s innocent heirs and legatees. As it does not appear that the respondents have been prejudiced in any way, the court in the exercise of its discretion will relieve the petitioner of his default for failure to move with respect to the demand within five days and pass upon the items of the respondents’ demand.
Items 1 through 6 of the respondents’ demand seek information not related to the issues in this proceeding and will not be allowed. Items 7,8,12,13, 22, 23, 24, 25 and 26, seek information which is evidentiary in nature and will not be allowed. Items 18 and 21 are also disallowed. The information requested in these items is too broad in scope and appears to be immaterial to the issues.
The respondents’ motion to preclude is granted as to all the other items set forth in their demand unless the petitioner serve and file a verified bill of particulars with respect to such items within 10 days after the completion of the examinations in discovery of the respondents. (Matter of Kuster, 12 Misc 2d 239; Matter of Grotsky, 12 Misc 2d 385.) The petitioner’s motion to vacate the respondents’ demand for a bill of particulars is denied except as hereinabove indicated. Submit separate orders on notice accordingly.